## Republic Building v. Gaertner.

(Decided November 27, 1923.)

Appeal from Jefferson Circuit Court
(Common Pleas, Fourth Division).

1. Landlord and Tenant—Lessee Held Required to Pay Income Tax Paid by Lessor on Rent.—Where lessee agreed to pay all taxes and assessments upon buildings or improvements "or income from said premises," it was liable to the lessor for income tax paid to the United States government upon the rents accruing.

2. Landlord and Tenant—Provision Requiring Lessee to Reimburse Lessor for Income Tax Paid on Rents Valid.—A provision in a lease, requiring lessee to reimburse lessor for income tax paid the United States government on the rents received, is valid under U. S. Comp. Stat. 1923, section 6319, and U. S. Comp. Stat. 1918, section 6336a.

3. Landlord and Tenant—Lessee Not Required to Pay Income Tax on Rents, Unless Specifically so Provided.—The general rule is that, unless covenants of lease expressly provide that lessee shall pay income tax payable on the rentals received by lessor, the lease will not be enlarged by reading therein an obligation on the part of the lessee to pay any part of the lessor's income tax, the prin-

ciple "expressio unius est exclusio alterius" applying where the lease specifically designates the taxes which the lessee is to pay.

EDW. G. KLEMM and CHAS. R. ECKER for appellant.

SHACKELFORD MILLER and C. B. SEYMOUR for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—Affirming.

Appellee Gaertner leased a plot of ground at the north east corner of Walnut and Fifth streets, in Louisville, to the predecessor in title of the Republic Building, a corporation, for the term of ninety-nine years, reserving a rental of $2,500.00 per year for the first ten years; $2,750.00 per year for the second period of ten years; $3,000.00 per year for the third period of ten years; $3,250.00 per year for the fourth, and $3,500.00 for the fifth period of ten years, &c., it being stipulated in the contract "that said lessees further covenant and agree to pay all taxes, assessments, water rents or other assessments imposed, assessed or levied upon said premises or upon any part thereof, or any buildings or improvements thereon, or the income from said premises, from and after the 22nd day of June, 1910, and for each and every year thereafter during the continuance of this lease, including the year 2009, it being the intent of the parties that the lessor shall receive the aforesaid rentals net and free from any sort of tax or deduction, said payments to be made, when such assessments, rates and impositions shall be due and to keep the improvements now upon said lot or that may hereafter be put upon said lot, insured for eighty per cent of their insurable valuation in good and solvent insurance companies, to be approved by said lessor or his assigns and assigned to him as his interest may appear.

"This insurance covenant not to affect the hereinafter stated provisions about the tearing down of the present improvements on said lot. Should the lessees at any time fail to pay any such tax, assessment, water rent, special assessment, or other government charge or fail to keep up the insurance as hereinafter provided, the lessor may pay the same or affect such insurance and any sum so paid shall be repaid by the lessees on demand with interest at the rate of six per cent per annum, payable semi-annually until paid. If not repaid, the sum so paid shall be

added to and deemed a part of the next installment of rentals due by lessees to lessor.''

The question is, whether the foregoing paragraphs from the lease contract are sufficiently broad to include the *income* taxes due the United States government upon the rents accruing and to be paid annually by the Republic building to appellee Gaertner. The latter insists it is, while the corporation insists it is not. It says:

''The phrase in the lease 'income from said premises' does not mean the 'rent' payable to the lessor thereunder, because the word 'rent' would otherwise have been used therein, if such had been the intention of the parties. The lease provides that the lessee shall pay to lessor 'as rent' during the first ten years $2,500.00 per annum, during the second ten years $2,750.00 'as rent,' during the next ten years $3,000.00 per annum 'as rent,' during the next ten years $3,250.00 per annum 'as rent,' and during the residue of the term the sum of $3,500.00 per annum 'as rent.' In none of these connections is the annual rental called, or referred to as 'income.' Lessee has constructed and now conducts a large office building on the leased premises from which it (appellant) derives an income, and by the phrase quoted was meant that lessee should pay all taxes, etc., that may be levied upon this income that it, the lessee, might receive from said premises.''

It is also insisted by appellant that it cannot be made to pay income taxes due by Gaertner even though the contract so provides, and it refers to sections in the Federal Income Taxes Law of 1913, which read:

''There shall be levied, assessed, collected and paid annually upon the entire net income arising or accruing from all sources in the preceding calendar year to every citizen of the United States, whether residing at home or abroad, and to every person residing in the United States, though not a citizen thereof, a tax,'' etc. (U. S. Comp. Stat., 1913, section 6319.)

The act under which Gaertner paid the tax which he now seeks to recover on the Republic Building, reads:

''There shall be levied, assessed, collected and paid annually upon the entire net income received in the preceding calendar year from all sources by every individual, a citizen or resident of the United States, a tax of two per centum upon such income.'' (U. S. Comp. Stat., 1918, section 6336a.)

We find nothing in the statutes that would prevent the parties to a lease contract like the one under consideration stipulating for the lessee to pay all income taxes, or any or all of the taxes of the lessor including the income taxes due upon the rentals paid by the lessee to the lessor. The general rule is that unless the covenants of the lease expressly provide that lessee shall pay the income tax that may be required of the lessor on the rentals received by him from the lessee, the lease will not be enlarged by reading therein an obligation on the part of the lessee to pay any part of the lessor's income tax—the principle "*expressio unius est exclusio alterius,*" applying where the lease specifically designates the taxes which the lessee is to pay. Cattawissa R. R. Co. v. Phila. & R. R. Co., 225 Pa. 269, Atl. 1, 807; Codman v. American Piano Co. 229 Mass. 285, 118 N. E. 344; Des Moines U. Ry. v. Chic. G. W. Ry. Co., 177 N. W. 90; Rennesselaer v. Dennison, 8 Barb. (N. Y.) 23; Rennesselaer & S. R. Co. v. Del. & Hud. Co., N. Y. Supp. 739; Clopton v. Pa. & Reading R. R. Co., 54 Pa. 356.

In the case at bar it was expressly stipulated between the lessor and lessee that the latter, as part of the consideration of the rental of the premises "should pay all taxes, assessments and levies of all kinds whatsoever, . . . imposed, assessed or levied upon said premies or upon any part thereof or any buildings or improvements thereon, or the income from said premises from and after the 22nd day of June, 1910." The contract adding: "It being the intent of the parties that the lessor shall receive the aforesaid rentals net and free from any sort of taxes or deductions." This latter clause no doubt was intended to make absolutely certain that which was reasonably certain from other words in the same paragraph of the contract; that is, that the lessee was to pay all taxes on the property as well as all assessments for street improvements and all taxes or assessments on income giving the lessor the sums named as net rentals. In fact the contract required the lessee to pay every kind of tax or assessments "whatsoever." There was a tax on the income—rentals from the grounds. The rentals due by the lessee to the lessor were subject to an income tax. This was just as certain, definite and regular as the *ad valorem* tax on the property each year. The mere fact that it went to the federal government in place of the state government made no difference. It was a tax within the meaning

and intent of the contracting parties who executed the lease, and we think the trial court did not err in so holding and requiring the lessee, Republic Building, incorporated, to pay not only the *ad valorem* tax and such other tax of that nature as may become due from the said property but the income tax in controversy here as well, which may be found to be due on "the income from said premises."

As appellee Gaertner has paid the past due income taxes upon the receipts of rent from the Republic Building, amounting to $250.00, before the commencement of this action, which said sum was due by the Republic Building, he is entitled to recover the same from the Republic Building, incorporated.

For the reasons indicated the judgment is affirmed.

Judgment affirmed.