## BURNET, COMMISSIONER OF INTERNAL REVENUE, v. NATIONAL INDUSTRIAL ALCOHOL COMPANY, INCORPORATED.

No. 109.   Argued January 21, 22, 1931.—Decided February 24, 1931.

*Mr. Claude R. Branch,* Special Assistant to the Attorney General, with whom *Solicitor General Thacher, Assistant Attorney General Youngquist,* and *Messrs. Sewall Key, J. Louis Monarch* and *John MacC. Hudson,* Special Assistants to the Attorney General, and *Clarence M. Charest,* General Counsel, Bureau of Internal Revenue, and *Robert L. Williams,* Special Attorney, were on the brief, for petitioner.

*Mr. R. M. O'Hara* for respondent.

MR. JUSTICE BUTLER delivered the opinion of the Court.

The Board of Tax Appeals affirmed the Commissioner's determination of deficiencies in respondent's income and profits taxes for fiscal years ending May 31, 1919, and 1920. The taxpayer claimed allowances for obsolescence, resulting from prohibition legislation, of a part of a build-

ing. It was denied. 7 B. T. A. 1241. The Court of Appeals reversed. 38 F. (2d) 718.

The taxpayer, a Louisiana corporation organized in 1911, was engaged in making and selling beer. November 3, 1919, it abandoned that business and commenced the manufacture of near beer which it continued until 1923. For the manufacture of beer the taxpayer had a brewery building and a cellar building having three floors. After prohibition the brewery building and one floor of the cellar building were used in the production of near beer. Two floors of the cellar building and certain steel and wooden vats thereon formerly used for aging beer were not needed and their use was discontinued on November 3, 1919. The Board found that the vats had no salvage value and held their depreciated cost deductible as obsolescence over the period from December 18, 1917, the date of the submission of the Eighteenth Amendment, to January 16, 1920, the date that prohibition took effect. But it denied any allowance for obsolescence of the two floors on the ground that, while the taxpayer ceased to use them, there was nothing in the record to indicate that the structure was obsolete or becoming so. The Court of Appeals held the evidence ample to support the taxpayer's contention that after abandonment the two floors possessed no residual or salvage value. The Government has raised here only the question whether under the Revenue Act of 1918, § 234 (a) (4) or (a) (7) a deduction may be allowed for loss or obsolescence of tangible property caused by prohibition legislation, and concedes that it is not in position to contend that the evidence was not sufficient to establish obsolescence of the two floors.

The Government relies on Clarke v. Haberle Brewing Co., 280 U. S. 384, and Renziehausen v. Lucas, 280 U. S. 387. But we have held in the Gambrinus case just decided that under § 234 (a) (7) a brewing company is

entitled to allowance for obsolescence of its building that was caused by the imminence and taking effect of prohibition. That case rules this one.

*Judgment affirmed.*