COMMISSIONER OF INTERNAL REVENUE
*v.* SULLIVAN ET AL.

No. 119.   Argued January 30, 1958.—Decided March 17, 1958.

*Solicitor General Rankin* argued the cause for petitioner.  With him on the brief were *Assistant Attorney General Rice, Joseph F. Goetten* and *Meyer Rothwacks.*

*Eugene Bernstein* argued the cause for respondents.  On the brief were *Mr. Bernstein* and *E. J. Blair* for Sullivan et al., and *Howard R. Slater* for Mesi, respondents.

MR. JUSTICE DOUGLAS delivered the opinion of the Court.

The question is whether amounts expended to lease premises and hire employees for the conduct of alleged illegal gambling enterprises are deductible as ordinary and necessary business expenses within the meaning of § 23 (a)(1)(A) of the Internal Revenue Code of 1939.[1]

---

[1] Section 23 (a)(1)(A) provides:

"In computing net income there shall be allowed as deductions:

.        .        .        .        .

"All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered; . . . and rentals or other payments

The taxpayers received income from bookmaking establishments in Chicago, Ill. The Tax Court found that these enterprises were illegal under Illinois law,[2] that the acts performed by the employees constituted violations of that law, and that the payment of rent for the use of the premises for the purpose of bookmaking was also illegal under that law. The Tax Court accordingly held that the amount paid for wages and for rent could not be deducted from gross income since those deductions were for expenditures made in connection with illegal acts. 15 CCH TC Mem. Dec. 23, 25 T. C. 513. The Court of Appeals reversed, 241 F. 2d 46, 242 F. 2d 558, on the basis of its prior decision in *Commissioner* v. *Doyle,* 231 F. 2d 635. The case is here on a petition for certiorari, 354 U. S. 920, for consideration in connection with the companion cases *Hoover Motor Express Co.* v. *United States, post,* p. 38, and *Tank Truck Rentals, Inc.,* v. *Commissioner, post,* p. 30, decided this day.

Deductions are a matter of grace and Congress can, of course, disallow them as it chooses. At times the policy to disallow expenses in connection with certain condemned activities is clear. It was made so by the Regulations in *Textile Mills Corp.* v. *Commissioner,* 314 U. S. 326. Any inference of disapproval of these expenses as deductions is absent here. The Regulations, indeed, point the other way, for they make the federal excise tax on wagers deductible as an ordinary and necessary business expense.[3] This seems to us to be recognition of a

---

required to be made as a condition to the continued use or possession, for purposes of the trade or business, of property to which the taxpayer has not taken or is not taking title or in which he has no equity." 53 Stat. 12, as amended, 56 Stat. 819, 26 U. S. C. § 23 (a)(1)(A).

[2] Ill. Rev. Stat., 1945, c. 38, § 336.

[3] Treas. Reg. 118, § 39.23 (a)–1, Rev. Rul. 54–219, 1954–1 Cum. Bull. 51:

"The Federal excise tax on wagers under section 3285 (d) of the

gambling enterprise as a business for federal tax purposes. The policy that allows as a deduction the tax paid to conduct the business seems sufficiently hospitable to allow the normal deductions of the rent and wages necessary to operate it. We said in *Commissioner* v. *Heininger,* 320 U. S. 467, 474, that the "fact that an expenditure bears a remote relation to an illegal act" does not make it nondeductible. And see *Lilly* v. *Commissioner,* 343 U. S. 90. If we enforce as federal policy the rule espoused by the Commissioner in this case, we would come close to making this type of business taxable on the basis of its gross receipts, while all other business would be taxable on the basis of net income. If that choice is to be made, Congress should do it. The amounts paid as wages to employees and to the landlord as rent are "ordinary and necessary expenses" in the accepted meaning of the words. That is enough to permit the deduction, unless it is clear that the allowance is a device to avoid the consequence of violations of a law, as in *Hoover Motor Express Co.* v. *United States, supra,* and *Tank Truck Rentals, Inc.,* v. *Commissioner, supra,* or otherwise contravenes the federal policy expressed in a statute or regulation, as in *Textile Mills Corp.* v. *Commissioner, supra.*

*Affirmed.*

---

Internal Revenue Code and the special tax under section 3290 of the Code paid by persons engaged in receiving wagers are deductible, for Federal income tax purposes, as ordinary and necessary business expenses under section 23 (a) of the Internal Revenue Code, provided the taxpayer is engaged in the business of accepting wagers or conducting wagering pools or lotteries, or is engaged in receiving wagers for or on behalf of any person liable for the tax under section 3285 (d) of the Code."