## HOOVER MOTOR EXPRESS CO., INC., *v.*
## UNITED STATES.

No. 95.  Argued January 29–30, 1958.—Decided March 17, 1958.

*Judson Harwood* argued the cause and filed a brief for petitioner.

*Solicitor General Rankin* argued the cause for the United States.  With him on the brief were *Assistant Attorney General Rice, Joseph F. Goetten* and *Meyer Rothwacks.*

MR. JUSTICE CLARK delivered the opinion of the Court.

The sole issue here—the deductibility for tax purposes [1] of fines paid by a trucker for *inadvertent* violations of state maximum weight laws—is identical to one of the

---

[1] "SEC. 23.  DEDUCTIONS FROM GROSS INCOME.

"In computing net income there shall be allowed as deductions:

"(a) EXPENSES.—

"(1) TRADE OR BUSINESS EXPENSES.—

"(A) In General.—All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business . . . ."  53 Stat. 12, as amended, 56 Stat. 819.

issues decided today in No. 109, *Tank Truck Rentals, Inc.,* v. *Commissioner, ante,* p. 30.

Most of the overweight fines paid by petitioner during 1951–1953 inclusive, the tax years in question, were incurred in Tennessee and Kentucky, two of the nine States in which petitioner operated. During the relevant period, both Tennessee and Kentucky imposed maximum weight limitations of 42,000 pounds over-all and 18,000 pounds per axle,[2] considerably less than those in the other seven States. Petitioner's fines resulted largely from violations of the axle-weight limits rather than violations of the over-all truck weight limits. The District Court found that such violations usually occurred because of a shifting of the freight load during transit.

After paying the taxes imposed, petitioner sued in the District Court for a refund, claiming that no frustration of state policy would result from allowance of the deductions because (1) the violations had not been willful, and (2) all reasonable precautions had been taken to avoid the violations. The District Court held that even if petitioner had acted innocently and had taken all reasonable precautions, allowance of the deductions would frustrate clearly defined state policy. Judgment was entered for the Commissioner, 135 F. Supp. 818, and the Court of Appeals affirmed on the same reasoning. 241 F. 2d 459. We granted certiorari, 354 U. S. 920 (1957), in conjunction with the grant in *Tank Truck Rentals, Inc.,* v. *Commissioner, supra,* and *Commissioner* v. *Sullivan, ante,* p. 27, both decided today.

Wholly apart from possible frustration of state policy, it does not appear that payment of the fines in question was "necessary" to the operation of petitioner's business. This, of course, prevents any deduction. *Deputy* v.

---

[2] Ky. Rev. Stat., 1953, § 189.222; Williams' Tenn. Code, 1934 (1952 Cum. Supp. to 1943 Repl. Vol.), § 1166.33.

*du Pont,* 308 U. S. 488 (1940). The violations usually resulted from a shifting of the load during transit, but there is nothing in the record to indicate that the shifting could not have been controlled merely by tying down the load or compartmentalizing the trucks. Other violations occurred because petitioner relied on the weight stated in the bill of lading when picking up goods in small communities having no weighing facilities. It would seem that this situation could have been alleviated by carrying a scale in the truck.

Even assuming that petitioner acted with all due care and without willful intent, it is clear that allowance of the deduction sought by petitioner would severely and directly frustrate state policy. *Tank Truck Rentals, Inc.,* v. *Commissioner, supra.* As in *Tank Truck,* the statutes involved here do not differentiate between innocent and willful violators.

*Affirmed.*