Oscar HOPKA, Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. No. 677.

United States District Court
N. D. Iowa,
Cedar Rapids Division.

July 5, 1961.

Tyrrell M. Ingersoll (of Elliott, Shuttleworth & Ingersoll), Cedar Rapids, Iowa, for plaintiff.

Bruce S. Lane, Trial Atty., Tax Divn., U. S. Dept. of Justice, Washington, D. C., F. E. Van Alstine, U. S. Dist. Atty., Northern District of Iowa, William R. Crary, Asst. U. S. Dist. Atty., Northern District of Iowa, Sioux City, Iowa, for defendant.

GRAVEN, Chief Judge.

The plaintiff brings this action under the provisions of Section 1346(a), Title 28 U.S.C.A., for the recovery of internal revenue taxes alleged to have been erroneously and illegally assessed and collected. He seeks to recover individual income taxes paid for the year 1948 in the amount of $1,262.15.

The taxpayer during the year 1948 and prior thereto was a resident of the City of Waterloo, Black Hawk County, Iowa. He was engaged in the business of owning, operating, servicing, and holding for the production of income gambling devices known as slot machines and certain music machines commonly known as juke boxes. On August 6th, 1948, the Police Department of the City of Waterloo, Iowa, under a proper search warrant, searched and seized fifty-six of the slot machines owned by the plaintiff which were used in his business. By proper proceedings the slot machines were subsequently forfeited to the State of Iowa and destroyed. The slot ma-

chines seized and destroyed had an adjusted basis for federal income tax purposes of $5,245. The taxpayer sought to claim the loss of the machines as a deduction in his 1948 income tax return. The Internal Revenue Service disallowed the deduction, and because of such disallowance an income tax deficiency was assessed against the taxpayer. The taxpayer paid the deficiency assessed in the amount of $1,262.15. He then made claim for refund of that amount which was disallowed. He then brought this action to recover that amount. The case was tried to the Court.

During the taxable year of 1948 the provisions of the Internal Revenue Code of 1939 were in effect. Section 23 of that Code, 26 U.S.C.A. § 23, provides, in part:

"In computing net income there shall be allowed as deductions:

\*   \*   \*   \*   \*   \*

"(e) *Losses by individuals.* In the case of an individual, losses sustained during the taxable year and not compensated for by insurance or otherwise—

"(1) if incurred in trade or business; or

"(2) if incurred in any transaction entered into for profit, though not connected with the trade or business; or

"(3) of property not connected with the trade or business, if the loss arises from fires, storms, shipwreck, or other casualty, or from theft. \* \* \*"

Section 117(j) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 117(j), relates to gains and losses from involuntary conversion. Subparagraph (2)(B) thereof provides:

"(B) Losses upon the destruction, in whole or in part, theft or seizure, or requisition or condemnation of property used in the trade or business or capital assets held for more than 6 months shall be considered losses from a compulsory or involuntary conversion."

Because of certain contentions of the parties which will be later discussed, certain phases of the Iowa law relating to gambling devices will next be referred to.

Section 726.5, Code of Iowa 1958, I.C.A., provides:

"No one shall, in any manner or for any purpose whatever, except under proceeding to destroy the same, have, keep, or hold in possession or control any roulette wheel, klondyke table, poker table, punchboard, faro, or keno layouts *or any other machines used for gambling, or any slot machine or device with an element of chance attending such operation.*"

The portions of that statute not italicized had been in effect for a long period of time preceding 1937. In 1937 the 47th General Assembly of Iowa added the italicized words to the statute.

Section 751.3, Code of Iowa 1958, I.C.A., provides, in part, as follows:

"A search warrant may be issued:

\*   \*   \*   \*   \*   \*

"4. For property which is being used or employed in carrying on, keeping or maintaining a place of any description for the purpose of gambling for money or for any other thing of value."

Section 751.25, Code of Iowa 1958, I.C.A., provides as follows:

"If the magistrate finds that the property or any part thereof seized under the search warrant is of the illegal nature or character alleged in the information, he shall enter judgment of forfeiture to the state of said property, or of the part thereof, as the case may be, and shall, in addition to said judgment of forfeiture, enter an order directing the immediate destruction of all such property which does not have a legitimate use \* \* \*."

The slot machines of the taxpayer were forfeited and destroyed under that provision.

Section 726.5, Code of Iowa 1958, I.C.A., above set out, forbidding the keeping or possessing of gambling devices, contains no specific penalty for the violation thereof. Section 687.6, Code of Iowa 1958, I.C.A., provides:

"When the performance of any act is prohibited by any statute, and no penalty for the violation of such statute is imposed, the doing of such act is a misdemeanor."

Section 687.7, Code of Iowa 1958, I.C.A., provides that every person who is convicted of a misdemeanor, the punishment of which is not otherwise prescribed by any statute, shall be punished by imprisonment in the county jail for not more than one year or by a fine not exceeding five hundred dollars, or by both such fine and imprisonment. The provisions of the Code of Iowa 1958 referred to herein were in effect in 1948.

In the case of State v. Cowen, 1942, 231 Iowa 1117, 3 N.W.2d 176, the defendant was indicted for the keeping and possessing of slot machines and other gambling ·devices. It was the claim of the State that the defendant was subject to punishment under the provisions of Section 687.6 since no penalty was provided by Section 726.5. It was the contention of the defendant that the forfeiture of gambling devices under the pertinent Iowa statutory provisions constituted a penalty and hence the provisions of Section 687.6, above set out, were not applicable. The Iowa Court held that the forfeiture of gambling devices under the pertinent Iowa statutory provisions did not constitute a penalty and ' hence the provisions of Section 687.6 were applicable. The basis of the decision was that the defendant did not have any property right in gambling devices and that, therefore, the defendant did not suffer any loss by their forfeiture.

Under the Iowa law the taxpayer in the present case, by keeping and possessing the slot machines in question,. was subject to being punished by fine or imprisonment, or both, for having committed a misdemeanor and, in addition, the slot machines were subject to being forfeited and destroyed. He was engaged in an illegal trade or business under the laws of Iowa. The question presented is as to his right under the Internal Revenue Code of 1939 to deduct from his gross income for the year in question the loss sustained by him by the forfeiture of his slot machines.

The parties cite and discuss the leading case of Commissioner of Internal Revenue v. Sullivan, 1958, 356 U.S. 27, 78 S.Ct. 512, 2 L.Ed.2d 559. In that case, the taxpayers conducted gambling enterprises in the State of Illinois which were illegal under the laws of that State. The question presented was whether the amounts expended to lease premises and hire employees for the conducting of the gambling enterprises were deductible as ordinary and necessary business expenses under the Internal Revenue Code of 1939. The United States Supreme Court held that the federal laws recognized a gambling enterprise as a business for federal tax purposes. The Court stated that not to allow such deductions would result in making the gross receipts of the business the basis of taxation rather than net income. The Court held that the amounts expended by the taxpayers to lease premises and to hire employees to conduct the enterprise were deductible from gross income as "ordinary and necessary expenses" under the provisions of Section 23(a) of the Internal Revenue Code of 1939. The Court stated (356 U.S. at page 29, 78 S.Ct. at page 514):

"The amounts paid as wages to employees and to the landlord as rent are 'ordinary and necessary expenses' in the accepted meaning of the words. That is enough to permit the deduction, unless it is clear that the allowance is a device to avoid the consequence of violations of a law, as in Hoover Motor

Express Co. v. United States, supra, [356 U.S. 38, 78 S.Ct. 511, 2 L.Ed.2d 568], and Tank Truck Rentals, Inc., v. Commissioner, supra, [356 U.S. 30, 78 S.Ct. 507, 2 L.Ed.2d 562], or otherwise contravenes the federal policy expressed in a statute or regulation, as in Textile Mills Corp. v. Commissioner, supra [314 U.S. 326, 62 S.Ct. 272, 86 L.Ed. 249]."

The case of Tank Truck Rentals, Inc. v. Commissioner cited by the Court had to do with a situation where the taxpayer, a trucking company, had paid several hundred fines imposed upon it and its drivers for violations of state maximum weight laws. The taxpayer sought to deduct the amounts paid as ordinary and necessary expenses in carrying on its business. The United States Supreme Court held that they were not deductible. The Court, after referring to the matter of "necessity" in connection with expenditures, stated (356 U.S. at pages 33–34, 78 S.Ct. at page 509):

"A finding of 'necessity' cannot be made, however, if allowance of the deduction would frustrate sharply defined national or state policies proscribing particular types of conduct, evidenced by some governmental declaration thereof."

The Court further stated (356 U.S. at page 34, 78 S.Ct. at page 509):

"Here we are concerned with the policy of several States 'evidenced' by penal statutes enacted to protect their highways from damage and to insure the safety of all persons using them. * * * It is clear that assessment of the fines was punitive action * * *."

In addition, the Court stated (356 U.S. at page 35, 78 S.Ct. at page 510):

"We will not presume that the Congress, in allowing deductions for income tax purposes, intended to encourage a business enterprise to violate the declared policy of a State."

The Court also stated (356 U.S. at pages 35–36, 78 S.Ct. at page 510):

"Deduction of fines and penalties uniformly has been held to frustrate state policy in severe and direct fashion by reducing the 'sting' of the penalty prescribed by the state legislature."

Similarly, in the case of Hoover Motor Express Co. v. United States, supra, the United States Supreme Court held that fines paid by a truck owner for violations of state maximum weight laws were not deductible as "ordinary and necessary expenses" under the Internal Revenue Code of 1939. The Court stated (356 U.S. at page 40, 78 S.Ct. at page 512):

"Even assuming that petitioner acted with all due care and without willful intent, it is clear that allowance of the deduction sought by petitioner would severely and directly frustrate state policy. * * *"

The case of Commissioner of Internal Revenue v. Sullivan, supra, involved the situation of a taxpayer carrying on an enterprise which was illegal under the laws of the state where it was carried on. The cases of Tank Truck Rentals, Inc. v. Commissioner, supra, and Hoover Motor Express Co. v. United States, supra, both involved the situation of a taxpayer carrying on a legal business but committing illegal acts in connection therewith. In all of the three cases the claim for deduction was made under the provisions of the Internal Revenue Code of 1939 permitting the deduction of "ordinary and necessary expenses" in connection with carrying on a trade or business. In the present case, the claim for deduction is made under either Section 23 or Section 117(j) of the Internal Revenue Code of 1939, heretofore set forth, relating to the deductibility of losses.

It would seem to be the teachings of the three cases just referred to that the test of deductibility is the same whether the expenditure arose in connection with illegal acts done in con-

nection with carrying on a legal enterprise or arose in connection with carrying on an illegal enterprise. That test is whether the allowance of the deduction would frustrate any sharply defined national or state policy.

In the case of Commissioner of Internal Revenue v. Sullivan, supra, the United States Supreme Court stated that an allowance of a deduction would not be made if it contravenes "federal policy expressed in a statute or regulation." There is no federal statute or regulation which prohibits the operation of a slot machine business. The so-called Johnson Act enacted in 1951, Sections 1171–1214, Title 15 United States Code, Annotated, prohibits the transportation of gambling devices in interstate commerce but provides that such prohibition shall not apply to the transportation of any gambling device to a place in any state which has enacted a law providing for the exemption of such state from the prohibition. The Congressional committee reports relating to the Johnson Act make it clear that the purpose of the legislation was to support the policy of the states which outlaw slot machines and other gambling devices. Senate Report No. 1482, pp. 1–2, 81st Congress–2nd Session; House Report No. 2769, p. 2, 81st Congress–2nd Session. Section 3267 of the Internal Revenue Code of 1939, 26 U.S.C.A. § 3267, imposed a federal tax on coin operated amusement and gambling devices which was paid by the taxpayer. Section 3275 of that Code provides for making available to any prosecuting officer of any state, county or municipality a list of those who paid special federal taxes. Those statutes indicate that it is the federal policy to support the policy of states which outlaw slot machines and other gambling devices. The decisions of the United States Supreme Court referred to more definitely articulate that policy by refusing to allow deductions for federal income tax purposes which frustrate state policy.

It was heretofore noted that in the present case the taxpayer is making the claim for deduction under the "loss" sections of the Internal Revenue Code of 1939 rather than under the provision relating to "ordinary and necessary expenses." It would seem that if the allowance of a deduction would frustrate state policy, the matter of what section of the Internal Revenue Code the deduction is claimed under would not be material. The particular line or page of the tax return on which the deduction is claimed would appear to be wholly irrelevant. The test to be applied is the same whether a claim for deduction is claimed as a matter of "ordinary and necessary expenses" or as a loss. The test is whether the deduction would frustrate a sharply defined state policy. The test is easier to state than it is to apply. In the present case, the taxpayer operated an illegal business. Under Commissioner of Internal Revenue v. Sullivan, supra, one who operates an illegal business is nevertheless entitled to deduct certain expenses for federal income tax purposes in connection with the operation of it. Such deductions are frequently referred to as legitimate expenses of an illegitimate business. Such reference is not free from semantic difficulty. The question is frequently presented as to what constitutes legitimate deductions for federal income tax purposes in the operation of an illegitimate business. The rule appears to be that legitimate deductions for an illegal business are those deductions which do not frustrate any clearly defined federal or state policy. Such a rule would seem to merely lead back to the starting point.

The taxpayer cites and relies upon the cases of Gambrinus Brewery Co. v. Anderson, 1931, 282 U.S. 638, 51 S.Ct. 260, 75 L.Ed. 588; Burnet v. National Industrial Alcohol Co., 1931, 282 U.S. 646, 51 S.Ct. 265, 75 L.Ed. 592; and Burnet v. Niagara Falls Brewing Co., 1931, 282 U.S. 648, 51 S.Ct. 262, 75 L.Ed. 594. In each of those cases a taxpayer was engaged in the legal brewery business. The buildings used for that business were not adaptable to other commercial use. With national pro-

hibition impending, the taxpayer in its tax return for 1919 claimed an allowance for the obsolescence under the Revenue Act of 1918. In each of the cases, the United States Supreme Court held that the taxpayer was entitled to the deduction claimed. The question of public policy was not discussed by the Court. The controversy in each case was whether obsolescence was established. The Government contends that those cases are not in point on the question here involved and it is the view of the Court that such contention is well founded. The taxpayer also cites and relies upon the case of Delsanter v. Commissioner, 1957, 28 T.C. 845. In that case, the taxpayers conducted an illegal gambling casino of considerable magnitude in Ohio. A controversy arose as to their income tax liabilities. In the majority opinion (at page 863), the following statement appears:

"The petitioners John Farah and Shamis Farah allege that either they or the partnership was entitled to deductions for depreciation on 100 slot machines in 1948 and 1949 and for a loss occasioned by the confiscation and destruction of the machines by public officials of the State of Ohio in 1949. * * *

"The claimed depreciation deduction must be denied for complete failure of proof. * * *

"Similarly, no loss deduction can be allowed for the confiscation and destruction of the slot machines in 1949, there being no showing that these machines had any basis to any of the petitioners at that time. It thus becomes unnecessary to consider whether the loss must be denied in any event because it was like a fine or forfeiture."

That case was affirmed, except as to another issue, 6 Cir., 1959, 267 F.2d 39. The Government contends that the case is not in point, for the Tax Court did not reach the question herein involved. It is the view of the Court that such contention is well founded.

The taxpayer further cites and relies upon the case of Klevenhagen v. Commissioner (May 16, 1950), T.C.Memo. (Docket Nos. 20296, 20297). In that case, the taxpayers had owned and operated slot machines and sold some of the machines at a profit. The Tax Court held that, since there was a profit, Section 117(j) of the Internal Revenue Code was applicable and the gain would be treated as a capital gain. The taxpayer in the present case argues that since the gain on the sale of the slot machines was taxable as a capital gain, by the same reasoning a loss of such machines should be recognized as a loss. The Government contends that the case is not in point in that a sale of slot machines at a profit does not involve the question of public policy which is involved where slot machines are forfeited because of violation of state law. It is the view of the Court that the contention is well founded.

The taxpayer established that for the calendar year 1948 he paid the federal excise taxes on all of the slot machines owned by him. Section 3267 of the Internal Revenue Code of 1939 imposed such taxes upon coin operated amusement or gambling devices. It is the claim of the taxpayer that for the calendar year 1948 there was paid to the State of Iowa the Iowa taxes imposed on the gross receipts of the slot machines. Section 422.43 of what is now the Code of Iowa 1958, I.C.A., imposed, starting with July 1st, 1947, a tax of two per cent upon the gross receipts of all forms of amusement devices and commercial amusement devices. The taxpayer claims that the imposition of such taxes indicates that the operation of slot machines was not contrary to any clearly defined state policy. The Government points out that the Section in question also contains the following provision:

"Nothing herein shall legalize any games of skill or chance or slot-operated devices which are now prohibited by law."

The Government contends that the fact that a special federal tax is levied upon items which are used for illegal business activities is not indicative of approval of such use. The Government in that connection cites the decision of the Supreme Court of New Jersey in the case of Hunter v. Mayor and Council of Teaneck Township, 1942, 128 N. J.L. 164, 24 A.2d 553. In that case, the Court, in reviewing the legality of an ordinance prohibiting the keeping of pinball machines in any place of business in the Township of Teaneck, stated (at pages 555–556 of 24 A.2d):

"The facts that the pin ball machines were licensed by the township under its ordinance (No. 683) for five years prior to the passage of the ordinance under review, and that the Federal Government, under the Federal Revenue Act of 1941, sec. 555 (Part IX, Coin operated amusements and gaming devices), 26 U.S.C.A.Int.Rev.Code, § 3267, imposed a tax on pin ball machines, are altogether beside the point. These are revenue measures. The imposition of a tax for revenue by a municipality is not necessarily any more determinative of the legality of the thing licensed than the imposition of a tax on income by the Federal Government is necessarily determinative of the legality of the source of income."

It is the view and the holding of the Court that the fact that the federal or state government imposes taxes on certain illegal activities or upon certain instrumentalities used in connection with such activities is not determinative of the question as to whether the allowance of deductions for federal income tax purposes frustrates national or state policy.

As bearing upon the question of the deduction here involved, the Government also cites the case of Bowles v. Commissioner (May 28, 1954), T.C.Memo. 1954–55 (Docket No. 34396). In that case, the taxpayer was engaged in the sale of liquor in violation of state law. The sheriff raided the place of business and confiscated the liquor. The taxpayer claimed a deduction for a loss under Section 23 (e) of the Internal Revenue Code of 1939. The Tax Court denied the deduction. In disallowing the deduction, the Court stated that the applicable rule "denies the allowance of expenses and losses where such allowance would be contrary to well-established public policies." The Government also cites in this connection the case of Smith v. Commissioner, 1960, 33 T.C. 861. That case involved a controversy over a tax deficiency assessed against the taxpayer. The taxpayer was engaged in the food brokerage business in Mississippi. Under the Mississippi law it was unlawful for anyone to sell, possess, give away or transport intoxicating liquors within the state. The taxpayer, in the promotion of his business, furnished his customers with intoxicating liquors. He claimed the cost of such liquors as a deduction. The deduction was disallowed by the Tax Court on the ground that the allowance of the deduction would contravene the sharply defined policy of Mississippi. The Court stated (at pages 865–866):

"Petitioner contends that Mississippi's prohibition laws do not establish such a policy for Mississippi, since, by another State law, a tax is levied on sales that are prohibited by law * * *.

"The position of the petitioner is not, in our opinion, well taken. The fact that the traffic in liquor is illegal does not preclude the legislature from imposing a tax thereon. * * * Neither does it follow that the imposition of the tax makes the selling, bartering, or giving away of intoxicating liquors * * * any the less a violation of Mississippi law."

See also in this regard United States v. Winters, 10 Cir., 1958, 261 F.2d 675.

The case cited by the Government as being most closely in point since it relates to a claimed loss rather than a business expense is Fuller v. Commissioner, 1953, 20 T.C. 308. In that case, the taxpayer was engaged in the sale of intoxicating

liquor at wholesale and retail in the State of Oklahoma. Such business was forbidden by the laws of that State. The law enforcement agencies confiscated substantial amounts of the liquor kept for sale by the taxpayer on three occasions. The taxpayer sought to decrease the amounts reported for purchases by the cost of the confiscated liquor. In the alternative, he asked that the cost of the confiscated liquor be deducted as a loss under Section 23(e) of the Internal Revenue Code of 1939. The Tax Court disallowed the item. The case was brought up for review to the United States Court of Appeals for the Tenth Circuit. That Court affirmed the decision of the Tax Court, 1954, 213 F.2d 102. The Court stated (at page 105):

> "The Tax Court held that under Section 72, Title 37 Okl.Stat. Annotated, petitioner acquired no property rights of any kind in the confiscated whiskey, and that the federal public policy rule bars the allowance of the cost of such whiskey as a deductible loss under § 23(e) of the Code.

The Court further stated (at page 106):

> "From the cases, it is clear that the question of illegality to frustrate public policy is, in the last analysis, one of degree, to be determined from the peculiar facts of each case. We agree with the Tax Court that the petitioner could acquire no property rights in the confiscated whiskey, the uncompensated loss of which would be deductible under § 23(e); and to allow such deduction would clearly frustrate sharply defined public policies of Oklahoma."

Other cases wherein a claimed loss under Section 23 of the Internal Revenue Code of 1939 has been disallowed because to do otherwise would frustrate sharply defined public policy include United States v. Algemene Kunstzijde Unie, N. V., 4 Cir., 1955, 226 F.2d 115, 119–120; and Davis v. Commissioner, 1951, 17 T.C. 549, 555–556. Although these cases involve the policies of the federal government, they would nonetheless appear to be illustrative. In United States v. Algemene Kunstzijde Unie, N. V., supra, the taxpayer was a Netherlands corporation which had had certain of its property seized by the Attorney General of the United States under the provisions of the Trading with the Enemy Act, 50 U.S.C.A. Appendix, § 1 et seq. It sought to claim a tax deduction for the loss caused by such seizure. The Court held that to allow such a deduction would be contrary to well-established public policy of the United States. In Davis v. Commissioner, supra, the taxpayer was a director of a corporation who had realized a profit as an "insider." Pursuant to Section 16 (b) of the Securities Exchange Act, 15 U. S.C.A. § 78p(b), he was required to remit the amount of the profit so realized to the corporation. He tried to claim a tax deduction for this payment either as an ordinary and necessary expense or as a loss under Section 23. The Tax Court held that the adequate enforcement of the regulation in question required that its deterrent effect should not be lessened by the granting of a tax advantage.

A more recent pronouncement on the subject is contained in the case of Richey v. Commissioner, 1959, 33 T.C. 272, 276– 277, decided under Section 165(c) of the Internal Revenue Code of 1954, 26 U.S. C.A. § 165(c). In that case, the taxpayer had participated in a scheme to counterfeit United States $100 bills. The illegal scheme was never put into effect and the taxpayer's confederates absconded with $15,000 of the taxpayer's money which had been advanced to further the counterfeiting operation. The taxpayer sought to deduct the item as a loss on his tax return. The Tax Court held that to allow the deduction would constitute a severe and immediate frustration of the clearly defined policy against counterfeiting obligations of the United States.

It was heretofore noted that under the law of Iowa a taxpayer can acquire no property rights in slot machines. While the fact that a taxpayer cannot acquire any property right in property used to carry on an illegal business is indicative of sharply defined state policy, that fact

by itself would not necessarily be determinative of the question of whether a deduction for the confiscation of such property would be regarded by the federal courts as frustrating such policy.

It is the claim of the taxpayer in the present case that the determinative cases on the question here involved are the three leading United States Supreme Court cases heretofore discussed. It is the claim of the taxpayer that the deduction claimed herein is allowable under the rule of the case of Commissioner of Internal Revenue v. Sullivan, supra, in which certain amounts paid for rent and employees' wages in carrying on an illegal business were held to be proper deductions. It was heretofore noted that in the cases of Tank Truck Rentals, Inc. v. Commissioner and Hoover Motor Express Co. v. United States, it was held that fines and penalties paid in connection with the operation of a business were not deductible for federal income tax purposes. The taxpayer calls attention to the fact that the Iowa Supreme Court held in the case of State v. Cowen, supra, that the confiscation of slot machines was not to be a penalty within the scope of Section 687.6, Code of Iowa 1958, I.C.A. He also calls attention to the fact that the forfeiture did not constitute a fine. He contends that since the forfeiture did not constitute a fine or penalty the claimed deduction did not come within the scope of the decisions of the United States Supreme Court in the cases of Tank Truck Rentals, Inc. v. Commissioner, supra, and Hoover Motor Express Co. v. United States, supra, holding that fines and penalties were not deductible.

In the recent case of Atzingen-Whitehouse Dairy, Inc. v. Commissioner (April 27, 1961), 36 T.C. ——, (No. 17) the taxpayer was engaged in the sale of dairy products in New Jersey. That state had by statute set up a milk control act, which provided for the selling of dairy products at minimum prices. That act provided that the director of the agency administering the act "adjust" violations of the act by requiring payment of such amounts as may "in his discretion be proper under the circumstances." The taxpayer paid the state $7,000 by way of adjustment for its violation of the provisions of the act. The taxpayer sought to deduct that amount as an "ordinary and necessary business expense." The Tax Court disallowed the deduction. It stated (at page —— of 36 T.C.) :

"Petitioner's right to the deduction claimed for the $7,000 payment depends upon whether the allowance of such a deduction would frustrate the enforcement of the milk control laws by reducing the 'sting' of the adjustment made for violating them. Tank Truck Rentals, Inc. v. Commissioner, 356 U.S. 30, 35 [78 S.Ct. 507, 2 L.Ed.2d 562]. We think that it would * * *. No useful purpose would be served by a verbal inquiry into whether the adjustment may be called a 'fine' or 'penalty'. The label is immaterial. Plainly, it was intended as a sanction calculated to induce compliance with New Jersey law and was punitive in character. The payment of the amount in controversy was not an 'ordinary and necessary' business expense."

It is to be noted that the Tax Court in its opinion makes reference to the case of Tank Truck Rentals, Inc. v. Commissioner, supra, which disallowed a deduction for fines and penalties for violation of state law. The pertinent portion of the opinion in that case reads as follows (356 U.S. at pages 35–36, 78 S.Ct. at page 510.) :

"Deduction of fines and penalties uniformly has been held to frustrate state policy in severe and direct fashion by reducing the 'sting' of the penalty prescribed by the state legislature."

The Tax Court in the case of Atzingen-Whitehouse Dairy, Inc. v. Commissioner, supra, held that it was not necessary that the "sting" be inflicted by means of a fine or penalty but that it could be inflicted in the form of a sanction which was punitive in nature. While under the

Iowa law the forfeiture of slot machines under the statute referred to did not constitute a fine or penalty, it seems clear that the forfeiture proceedings provided for in that statute are intended as a sanction calculated to induce compliance with the Iowa statute forbidding the use or ownership of slot machines and that they do constitute a "sting" for the violation of Iowa law. Under the case of Tank Truck Rentals, Inc. v. Commissioner, supra, a deduction which if allowed would reduce the "sting" of the state law as to acts unlawful under the state law is regarded as frustrating state policy.

It is the finding and holding of the Court that the allowance of the deduction in question would frustrate clearly defined policy of the State of Iowa.

It is ordered that judgment be rendered in favor of the defendant.

This Opinion shall constitute the Findings of Fact and Conclusions of Law under Rule 52(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A.