Howard K. **MICHAELSON** and Fayetta
M. Michaelson, husband and wife,
Plaintiffs,

v.

**UNITED STATES** of America,
Defendant.

No. 2038.

United States District Court
E. D. Washington, N. D.

Oct. 23, 1961.

Robert E. Kovacevich, of Kizer, Gaiser, Stoeve, Layman & Powell, Spokane, Wash., for plaintiff.

Frank R. Freeman, U. S. Atty., Patrick H. Shelledy, Asst. U. S. Atty., Spokane, Wash., for defendant.

POWELL, Chief Judge.

This action is to recover a claimed overpayment of income tax for the taxable year of 1957. Howard K. Michaelson will be referred to as though he were the only plaintiff. The amount sought is $123.00.

In January of 1954 plaintiff was employed by the Spokane School Board as a teacher and he has since been in that employ. Plaintiff was hired on a provisional general basis or with a provisional general certificate. Such provisional certificate is renewable for only five years. To continue teaching beyond that time a standard general teaching certificate must be obtained. The last named certificate is obtainable only after the teacher has attended and secured credits in college courses acceptable to the State Board of Education. Without the additional credits the plaintiff would lose his employment.

Plaintiff enrolled at Gonzaga University in September of 1954. The credits which he received in the college year of 1957 were accepted by the State Board of Education for the standard general teaching certificate which was issued to him April 15, 1958. He has continued teaching at the same position and salary.

Plaintiff enrolled in September 1954 in a four year course which on completion entitled him to a Bachelor of Laws degree in 1958. A portion of the credits earned toward that degree, those for the college year of 1957, are the ones in question here. It is agreed that the 1957 cost of tuition, books and supplies was $618.00 and if this claimed deduction is allowed the disputed tax must be returned to plaintiff. If it is not allowable plaintiff takes nothing.

It is agreed that plaintiff incurred the educational expenses for the dual pur-

pose of obtaining his standard general teaching certificate and his Bachelor of Laws degree. His primary objective in making the 1957 expenditures was to obtain the teaching certificate.

Plaintiff and his wife were calendar year, cash basis taxpayers. They timely filed their Federal Income Tax returns for the years 1957 and 1958 with the Collector of Internal Revenue at Tacoma, Washington. They paid the amount of tax shown to be due by the returns as filed.

About July 7, 1958 plaintiff filed a claim for refund. It was based on the claimed deduction for the year of 1957 of the expenses set forth above.

The question for determination is whether the amount of $618.00 claimed is an allowable deduction.

Internal Revenue Code of 1954:

SEC. 162. TRADE OR BUSINESS EXPENSES.

"(a) *In general.*—There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business. * * *"

(26 U.S.C. 1958 ed., § 162.)

SEC. 262. PERSONAL, LIVING, AND FAMILY EXPENSES.

"Except as otherwise expressly provided in this chapter, no deduction shall be allowed for personal, living, or family expenses."

(26 U.S.C. 1958 ed., § 262.)

Treasury Regulations on Income Tax (1954 Code):

§ 1.162–5 *Expenses for Education.*—"(a) Expenditures made by a taxpayer for his education are deductible if they are for education (including research activities) undertaken primarily for the purpose of:

"(1) Maintaining or improving skills required by the taxpayer in his employment or other trade or business, or

"(2) Meeting the express requirements of a taxpayer's employer, or the requirements of applicable law or regulations, imposed as a condition to the retention by the taxpayer of his salary, status or employment."

The defendants' contention is that the expenses incurred by plaintiff were to obtain a degree which would entitle him to take the State bar examination and if he passed, to practice law. Also that the expenditure was to better plaintiff's position in life and obtain permanent, as distinguished from temporary, employment. Defendant argues that in neither case is plaintiff entitled to take the deduction for tuition, books and supplies for the year of 1957.

Plaintiff has requested a deduction of only a portion of his expenses incurred during the four year course. He asks only that portion which represents the time in which he studied and obtained credits which had approval of the Board toward a general certificate. It is agreed that after the certificate was granted him he obtained no increase in pay and has continued in the same teaching position. Without the standard general certificate he would not be so employed. It entitled him to maintain his status quo.

Does the fact that the college credits of 1957 served a double purpose prevent the deduction of the expenses? But the credits of 1957 alone could not give the plaintiff his law degree. Neither could the completion of the four year law course alone entitle plaintiff to a standard general teaching certificate and continue him in his teaching position. It is only because the courses taken in the year 1957 were accepted by the State Board of Education that the certificate issued and plaintiff's employment continued.

From the agreed facts it is concluded that the expenditures were to meet the express requirements of the taxpayer's employer imposed as a condition to the retention by the taxpayer of his salary, status or employment, under Sec. 1.162–5(a) (2) of Treasury Regulations for Income Tax (1954 Code).

In Hill v. Commissioner of Internal Revenue, 181 F.2d 906, (4 Cir.1950) the taxpayer was allowed a deduction for expenses for attending summer school during the taxable year. Her teaching certificate came up for renewal and the law required either the taking of professional or academic classes for credits or passing of an examination on prescribed reading. The Tax Court denied the claim of deduction on the ground that the showing was not made as to which of the two alternatives was the ordinary method of satisfying the requirement. The opinion quotes Mr. Justice Cardozo in Welch v. Helvering, 290 U.S. 111, 113, 54 S.Ct. 8, 78 L.Ed. 212, as follows:

"Now, what is ordinary, though there must always be a strain of constancy within it, is none the less a variable affected by time and place and circumstance. Ordinary in this context does not mean that the payments must be habitual or normal in the sense that the same taxpayer will have to make them often. A lawsuit affecting the safety of a business may happen once in a lifetime. The counsel fees may be so heavy that repetition is unlikely. None the less, the expense is an ordinary one because we know from experience that payments for such a purpose, whether the amount is large or small, are the common and accepted means of defense against attack. Cf. Kornhauser v. United States, 276 U.S. 145, [48 S.Ct. 219, 72 L.Ed. 505]. The situation is unique in the life of the individual affected, but not in the life of the group, the community, of which he is a part. At such times there are norms of conduct that help to stabilize our judgment, and make it certain and objective. The instance is not erratic, but is brought within a known type."

Many cases can be found illustrating the inconsistencies of the opinions in determining what is ordinary, reasonable and necessary business expense.

In Cleveland-Sandusky Brewing Corp. v. Commissioner, 30 T.C. 539 (1958) the expense of maintenance of a cabin cruiser used solely to generate good will in the business of distributing beer was held to be ordinary and necessary expense and deductible.

In Levy v. Commissioner, 30 T.C. 1315 (1958) gifts to entertainers made by an agent of a vocalist group were held deductible.

In Nowland v. Commissioner, 244 F.2d 450 (4 Cir.1957), a taxpayer in a numbers racket was allowed to deduct 25% of his advertising expense.

In Coburn v. Commissioner, 138 F.2d 763 (2 Cir.1943), the taxpayer, an actor, deducted all living expenses and travel for 263 days of the taxable year while making a movie in California.

In Wallace v. Commissioner, 144 F.2d 407 (9 Cir.1944) the same ruling is made as in the Coburn case.

In Coughlin v. Commissioner, 203 F.2d 307 (2 Cir.1953) the taxpayer, an attorney, deducted expenses for tuition, travel and lodging while attending the Federal Taxation Institute.

In Commissioner of Internal Revenue v. Sullivan, 356 U.S. 27, 78 S.Ct. 512, 2 L.Ed.2d 559 (1957) the Supreme Court allowed a bookmaker to deduct rent and payroll when carrying on his illegal business, but it was held in Tank Truck Rentals, Inc. v. Commissioner of Internal Revenue, 356 U.S. 30, 78 S.Ct. 507, 2 L.Ed.2d 562, and Hoover Motor Express Co., Inc. v. United States, 356 U.S. 38, 78 S.Ct. 511, 2 L.Ed.2d 568, that fines paid by truckers for violations of state maximum weight laws were not deductible.

In Lynch-Davidson Motors, Inc. v. Tomlinson, 172 F.Supp. 101 (S.D.Fla.1958), the taxpayer was permitted to deduct expense for purchasing liquor for customers as an ordinary and necessary business expense.

The importance of encouragement of individuals interested in self-improvement should not be minimized. Certainly rapid write-offs of investments in buildings, deductions for advertising and deductions for expenses of those in higher brackets, are no more important to

them than a smaller deduction is to one who has limited funds, as the taxpayer here.

Judgment is granted for the plaintiff, who is directed to prepare Findings of Fact and Conclusions of Law and Decree.