Raymond P. Seese and Louise M. Seese v. Commissioner.
Seese v. Commissioner
Docket No. 82498.
United States Tax Court
T.C. Memo 1962-109; 1962 Tax Ct. Memo LEXIS 199; 21 T.C.M. (CCH) 601; T.C.M. (RIA) 62109; May 3, 1962
*199 Pursuant to the child support provision of a decree of divorce of the Circuit Court for Wayne County, Michigan, as later modified, petitioner Raymond P. Seese, during the taxable year 1957, paid $1,235 to his former wife Ethel T. Seese, through a friend of the court, for the support of two children born of that marriage. It is stipulated that petitioner does not maintain that he provided over half of the total support received by the two children during the taxable year. Held, petitioners are not entitled to an exemption deduction of $600 for each of the two children under sections 151 and 152 of the Internal Revenue Code of 1954, since it has not been shown that the amount paid constituted over half of the children's support in that year. Held, further, sections 151 and 152 are not unconstitutional. Raymond P. Seese, pro se, 24638 Stanford, Dearborn, Mich. Ralph W. Eisnaugle, Jr., Esq., for the respondent. ARUNDELL
Memorandum Opinion ARUNDELL, Judge: Respondent determined a deficiency in income tax for the calendar year 1957 in the amount of $264. The only issue is whether the respondent erred in disallowing exemption deductions of $1,200 claimed by petitioners for the two minor children of petitioner Raymond P. Seese by a prior marriage. The facts were stipulated and are so found. Petitioners are husband and wife residing in Dearborn, Michigan. They filed their joint Federal income tax return for the taxable year ended December 31, 1957, with the district director of internal revenue in Detroit, Michigan. Petitioners claimed on their return for the year 1957 dependency exemptions for Perry G. Seese and Carol N. Seese, hereinafter sometimes referred to as Perry and Carol. Petitioner Raymond P. Seese, *201 hereinafter sometimes referred to as Raymond, was married to Ethel T. Seese, hereinafter sometimes referred to as Ethel, prior to his present marriage to petitioner Louise M. Seese. Perry and Carol were born of this marriage between Raymond and Ethel. Raymond and Ethel were divorced on April 9, 1948, by decree of the Circuit Court for the County of Wayne, Michigan. Ethel was awarded custody of Perry and Carol. The divorce decree was modified on November 2, 1950, by order of the Wayne County Circuit Court. The divorce decree, as modified, provided that Raymond was to pay the sum of $11.60 weekly for each of the two children (or a total of $23.20), until said children attain the age of 17 years, or until further order of the court. The divorce decree as modified was further modified on June 26, 1957, by the Wayne County Circuit Court. The court order provided that Raymond was to pay the sum of $11.60 weekly for the support of Perry commencing February 14, 1957, and continuing until Perry graduated from high school or quit, or January 31, 1958, whichever date occurs first. The divorce decree as modified, with provision for the support of Carol, remained in full force and effect *202 in all respects. Perry and Carol were in Ethel's custody during the entire calendar year 1957 and resided in her home located at 12792 Appoline, Detroit, Michigan. Perry and Carol attended MacKenzie High School in Detroit, Michigan, during the calendar year 1957. Neither of the children attained the age of 19 years during that year. During 1957 Raymond paid to Ethel, through the friend of the court, Wayne County, Michigan, a total amount of $1,235 for support of Perry and Carol. The parties have stipulated that: The petitioner, Raymond P. Seese, does not maintain that he provided over half of the total support received by the two children, Perry G. Seese and Carol N. Seese, during the calendar year 1957. Section 151(e) of the Internal Revenue Code of 1954 allows "An exemption of $600 for each dependent (as defined in section 152) * * * who is a child of the taxpayer and who (i) has not attained the age of 19 * * *." Section 152 provides that: For purposes of this subtitle, the term "dependent" means any of the following individuals over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from *203 the taxpayer * * *: (1) A son or daughter of the taxpayer * * *. In view of the above stipulation that Raymond does not maintain that he provided over half of the support received by the two children during 1957, we hold that petitioner has failed to show that any error was committed by the respondent in disallowing the claimed exemptions. James H. Fitzner, 31 T.C. 1252; Bernard C. Rivers, 33 T.C. 935. Petitioners apparently take the position that the Wayne County Circuit Court, by its decree dated April 9, 1948, determined that Perry and Carol are the dependents of Raymond alone; that any support which may have been contributed by the divorced mother, in excess of that provided by Raymond, must be regarded purely as a gift; and that to apply sections 151 and 152 to the facts as stipulated as the respondent has done violates Article derived rentals in each of the taxable years, IV and VI, and the 9th, 10th, and 14th Amendments to the United States Constitution. We see no merit in this position. Tax deductions are a matter of legislative grace and the taxpayer seeking a deduction must be able to point to an applicable statute and show that he comes within *204 its terms. Commissioner v. Sullivan, 356 U.S. 27; Penn Mutual Indemnity Co. v. Commissioner, 277 F. 2d 16, 20, and cases cited in footnotes 17 (C.A. 3, 1960), affirming 32 T.C. 653. This, petitioners have failed to do. Petitioners have not offered any evidence which would establish the total amount expended for the support of Perry and Carol during the taxable year 1957. They have failed to carry the burden on this issue and are therefore not entitled to dependency exemptions for Perry and Carol for the taxable year 1957. We sustain the respondent's determination. Decision will be entered for the respondent.