**Roland D. and Ruth R. STACY, Plaintiffs,**

v.

**UNITED STATES of America,**
**Defendant.**

**Civ. A. No. 2965.**

United States District Court
S. D. Mississippi,
Jackson Division.

July 30, 1963.

Creekmore & Beacham, Jackson, Miss., for plaintiff.

Robert E. Hauberg, U. S. Atty., Jackson, Miss., for defendant.

COX, Chief Judge.

This is a suit for the recovery of additional income taxes for the year 1956 which were assessed to and paid by the plaintiffs pursuant to a disallowance of a tax deduction. The plaintiffs deducted $1,038.92 for whisky which they purchased in Mississippi and either served to their customers or donated to their customers to enhance their business. The question presented is whether or not this item was an ordinary and necessary business expense in view of § 2613 Mississippi Code 1942, which makes it unlawful to keep, have in possession, sell or give away intoxicating liquors. The United States contended: first, that an allowance of the deduction would tend to frustrate a well defined public policy of Mississippi; and second, that such expenses were not ordinary and necessary in view of this criminal statute.

## FINDING OF FACTS

This case was presented to the Court on the pleadings and evidence adduced by the respective parties and the Court finds:

That Roland D. Stacy is a contractor in Mississippi engaged in the business of servicing the needs and requirements of operating oil wells and that his entire income for the tax year 1956 accrued from that source. The plaintiffs were not then or now engaged in any phase of the whisky business anywhere. They are high class reputable contractors with an unimpeachable reputation as law abiding citizens who practice a high standard of business ethics in the conduct of their business.

During the tax year 1956, the plaintiffs purchased in Mississippi $1,038.92 worth of whisky which was used exclusively in the entertainment of business customers to whom such whisky was either served or given to maintain and enhance the income of such contracting business. The undisputed and unimpeachable evidence in this case shows even beyond a reasonable doubt that this entertainment expense was an ordinary and necessary business expense in every sense of the words. The question of whether or not such expenditure for whisky violated a sharply defined public policy in Mississippi presents a more difficult problem. The contention that the allowance of such a deduction in view of the laws of Mississippi would tend to frustrate such laws is without factual support in this record. Indeed, all of the evidence before the Court in this case shows that all of plaintiffs' competitors and most other businesses in the state follow the same practice as a business necessity, and that it is so necessary, that they would continue the practice whether the deduction is allowed or not for income tax purposes. Section 2613 Mississippi Code 1942 makes it unlawful to keep, have in possession, sell or give away intoxicating liquors. That statute is directed at persons engaged in the whisky business and to facilitate convictions. Stepp v. State, 202 Miss. 725, 33 So.2d 307, 308. Section 2612 of said Code makes any debt incurred for intoxicating liquors uncollectable and void. Section 2618 provides that there shall be no property rights of any kind in whisky in this state. Section 2629 of said Code makes it a crime to act as agent of either the seller or the purchaser in effecting the sale of intoxicating liquors. Section 2631 of said Code makes it a crime to manufacture intoxicating liquors. Section 2642 makes it unlawful to transport intoxicating liquors into or within the state. Section 2643 makes it unlawful for a bank to collect or process any negotiable instrument connected with the sale, shipment or delivery of intoxicating liquors. Section 2658 of said Code makes a violation of either of said sections a misdemeanor subject to fines and imprisonment. Section 2664 prohibits advertisement of intoxicating liquors as a public nuisance. Mississippi has a black market tax which is levied under § 10112 Mississippi Code 1942 on sales of tangible, personal property (including intoxicating liquors) which are prohibited by law. This is a revenue measure and not one to correct or prevent any such vice The annual receipts of the state from

this black market tax on liquor alone amounts annually to more than a million dollars and thus constitutes a very substantial and important contribution to the state tax structure.

In 1956 the United States issued thirty-one permits to wholesale liquor dealers and eleven hundred eighty-six permits to retail liquor dealers in Mississippi under Federal statutes in the tax year in suit. The liquor purchased by these plaintiffs came through duly licensed wholesalers and duly licensed retail liquor dealers in the city of Natchez and in Adams County, Mississippi. The State of Mississippi collected black market taxes on this merchandise. The State of Mississippi knowingly issued a sales tax permit to these same whisky dealers during that year and indicated on their official records by a legend that they were engaged in the sale of intoxicating liquor in Adams County, Mississippi. Those reports have been made available every two years to the state legislature with such information fully disclosed thereon. The state collected substantial amounts as sales taxes on all sales of intoxicating liquor in the state during the tax year in suit. The State Tax Commission even investigated such applications whereon the true business of the applicant was shown and thus verified that these persons were engaged in the sale of intoxicating liquor on which the sales taxes were being paid to and collected by the State of Mississippi. Nevertheless, such whisky dealers were duly licensed by that department of the state.

■■ The Court thus finds from such evidence and fair inferences that the State of Mississippi, in spite of § 2613 Mississippi Code 1942, does not have any sharply defined public policy affecting or relating to the entertainment of and the ingratiation of themselves with their customers by serving and donating them intoxicating liquor on which the state and its subdivisions had collected full tribute. The city of Natchez like other Mississippi river municipalities even has a black market ordinance of its own on which it collects substantial revenues. Some municipalities on the Gulf Coast have followed that practice for many years. The defendant plants itself squarely as it must for that contention upon the presence of § 2613 as the sole and exclusive exponent of a public policy which is impinged upon by such events. It may not be gainsaid that said Act (§ 2613) under the circumstances in its rightful perspective does not announce a sharply defined public policy of this state, since the black market tax acts are the latest announcements of the state on that subject. It most emphatically does disparage any public policy which this state has announced on that subject. It is a matter of common knowledge that juries in Mississippi simply will not convict people who are even engaged in the whisky business when they show that they have been thus duly licensed. The State has the undoubted power to collect a tax on a business which it condemns and makes illegal but in so doing it just as surely blurs its focus upon any declaration of public policy contained in such a mixed-up scheme. Summarizing, the tax deduction in suit was an ordinary and necessary expense of the business of the plaintiffs in 1956 consisting of such expenditure by the plaintiffs of $1,038.92 under the facts and circumstances in this case; that the State of Mississippi had no sharply defined public policy which was violated by this business expenditure; that an allowance of a deduction of said expenditure for income tax purposes for 1956 would not to any degree tend to frustrate any public policy of Mississippi in contravention thereof; and that this expenditure by these taxpayers would have been allowed by the defendant to any taxpayer under the same circumstances in any one of the other forty-nine states of the American Union and that there is no real or substantial justification or even excuse in this case for the disallowance of this deduction to these plaintiffs.

## CONCLUSIONS OF LAW

■ A solution to these questions of necessity turn and are controlled en-

tirely by the facts in each case. Taxes should be uniformly and equally collected from all taxpayers alike who are similarly situated. Public policy of a state is not a legitimate ingredient of a tax statement from the United States. Cf: Dixie Machine Welding & Metal Works, Inc. v. United States, (5 C.A.) 315 F.2d 439. But in the case at bar there is no substantial basis for a disallowance of this undisputed business expenditure. No question of ethics or dishonesty, or fraud or embezzlement such as was involved in Dixie Machine Welding & Metal Works, Inc. v. United States, supra, is involved here; and this Court is unable to make the factual finding which clearly supported the conclusion in that case. The plaintiffs were entitled to deduct from their 1956 taxes $1,038.92 for whisky which they bought and served and donated to their customers during that year as an ordinary and necessary business expense. The undisputed facts and circumstances in this case impel that inescapable conclusion as a matter of law. Commissioner of Internal Revenue v. Sullivan, et ux., 356 U.S. 27, 78 S.Ct. 512, 2 L.Ed.2d 559. To the same effect is Commissioner of Internal Revenue v. Doyle, et ux., (7 C.A.) 231 F.2d 635. Cf: Rossman Corporation v. Commissioner of Internal Revenue, (2 C.A.) 175 F.2d 711. Dixie Machine Welding & Metal Works, Inc. v. United States, supra, is not controlling on the vastly different facts here. No such wrong is involved in the practice here under study. All revenue requirements for state approval of these transactions were satisfied at every level. Any legal concept of any public policy in Mississippi on the subject of whisky as it relates to the facts in this case is thoroughly disparaged and completely negated by such inconsistent legislation of the state and by commonly accepted practices amounting to state action thereon. This same deduction would be allowed these plaintiffs without question by the defendant that they were entitled thereto as a matter of law in forty-nine states of the American Union, and it would be uncon-

scionable in the extreme to disallow it here, if for no other reason.

The plaintiffs are entitled to a judgment against the defendant for the principal sum of four hundred forty-six dollars and seventy-five cents with accrued statutory interest. A judgment accordingly may be presented.