T.C. Memo. 1998-144


UNITED STATES TAX COURT


DAVID CORDERO BASADA, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 18467-96.                    Filed April 20, 1998.


David Cordero Basada, pro se.

<u>Allan D. Hill</u>, for respondent.


MEMORANDUM OPINION


PAJAK, <u>Special Trial Judge</u>:  This case was heard pursuant to
section 7443A(b)(3) of the Code and Rules 180, 181, and 182.  All
section references are to the Internal Revenue Code in effect for
the years in issue.  All Rule references are to the Tax Court
Rules of Practice and Procedure.  Respondent determined

deficiencies in petitioner's 1993 and 1994 Federal income taxes in the amounts of $1,090 and $1,339, respectively.

After a concession by respondent, the issues are: (1) Whether petitioner is liable for self-employment taxes; and (2) whether petitioner is entitled to a dependency exemption deduction.

Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioner resided in Oakland, California, at the time the petition was filed.

On his 1993 and 1994 Federal income tax returns, petitioner reported income from "Wages, salaries, tips, etc." in the amounts of $4,500 and $8,200, respectively. No Forms W-2 were attached to his return for either year in issue. Petitioner listed his occupation as "unemployed part-time salesman" on both returns.

Respondent determined that the $4,500 and $8,200 income petitioner reported on his 1993 and 1994 returns, respectively, constituted earnings from self-employment, and therefore petitioner was liable for self-employment taxes. Further, respondent allowed petitioner a deduction for one-half of the self-employment taxes, and made computational adjustments to petitioner's earned income credits. In his amended petition, petitioner sought to claim a dependency exemption deduction for his "eldest son", for both years in issue.

Without detailing the source of income or the amount of time he spent on each activity, petitioner explained that during the years in issue he earned income from street hustling, pimping, panhandling, and gambling. We group these activities as "street-hustling".

Section 1401 imposes a tax on a taxpayer's self-employment income. Self-employment income includes the net earnings from self-employment derived by an individual during the taxable year. Sec. 1402(b). Net earnings from self-employment means gross income derived by an individual from any trade or business carried on by such individual, less allowable deductions attributable to such trade or business, plus certain items not relevant here. Sec. 1402(a). The term trade or business for purposes of the self-employment tax generally has the same meaning it has for purposes of section 162. Sec. 1402(c).

To be engaged in a trade or business within the meaning of section 1402(a), an individual must be involved in an activity with continuity and regularity, and the primary purpose for engaging in the activity must be for income or profit. Commissioner v. Groetzinger, 480 U.S. 23, 35 (1987). A sporadic activity, a hobby, or an amusement diversion does not qualify. Commissioner v. Groetzinger, supra at 35. Whether an individual is carrying on a trade or business requires an examination of the facts involved in each case. Higgins v. Commissioner, 312 U.S.

212, 217 (1941). These provisions are to be broadly construed to favor treatment of income as earnings from self-employment. Hornaday v. Commissioner, 81 T.C. 830, 834 (1983). Respondent's determination that petitioner is liable for self-employment taxes under section 1401 is presumed correct, and petitioner bears the burden to prove otherwise. Rule 142(a); Siebert v. Commissioner, T.C. Memo. 1997-6.

Petitioner argues that because he claimed he was unemployed during the years in issue, he is not subject to self-employment taxes under section 1401. We disagree.

After a review of the record, we find that petitioner was engaged in the trade or business of street-hustling during the years in issue. Petitioner was engaged in street-hustling with continuity and regularity, and with the primary objective of earning an income or profit. Further, petitioner's activities were regular, frequent, and substantial. They were not sporadic, nor do we believe that they were a hobby or an amusement diversion of petitioner.

On this record, we are satisfied that the $4,500 and $8,200 petitioner reported on his 1993 and 1994 returns were derived from petitioner's trade or business of street-hustling. Indeed, petitioner admitted that, aside from the interest income reported on his return for both years, his only source of income was from street-hustling.

We observe that there is no evidence in the record that petitioner was employed by anyone but himself. Petitioner had no Forms W-2 for either year in issue. We find that petitioner's net earnings from self-employment exceeded $400 during each year in issue. Accordingly, we hold that petitioner is subject to self-employment taxes on his earnings during 1993 and 1994.

We sustain respondent's determination that petitioner's liability for self-employment tax for 1994 is $1,159. Respondent has conceded that petitioner's liability for self-employment tax for 1993 should be reduced to $676. Petitioner will be entitled to deduct one-half of his self-employment taxes under section 164(f).

In his amended petition, petitioner states that he is entitled to a dependency exemption deduction for his eldest son for both years in issue. Section 151(c) allows a taxpayer to deduct an exemption amount for each dependent as defined in section 152. As relevant in the instant case, a dependent is generally defined as a son of the taxpayer over half of whose support was received from the taxpayer in the calendar year in which the taxpayer's taxable year begins. Sec. 152(a)(1). Because petitioner failed to prove that he provided more than half of the support of his eldest son in 1993 or in 1994, we rule for respondent on this issue.

To reflect the foregoing,

Decision will be entered

under Rule 155.