T.C. Memo. 2004-201

UNITED STATES TAX COURT

JAMES C. BLANNING, JR., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 16309-98.              Filed September 1, 2004.

James C. Blanning, Jr., pro se.

<u>Michael W. Lloyd</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

GERBER, <u>Chief Judge</u>:  Respondent determined Federal income tax deficiencies of $24,664 and $6,801 for petitioner's 1992 and 1993 tax years, respectively.  Included in the deficiencies are self-employment tax determinations of $8,907 and $3,880 for 1992 and 1993, respectively.  Finally, respondent determined that petitioner was liable for additions to taxes for 1992 and 1993

under section 6651(a).[1]  The issues remaining for our consideration are:  (1) Whether petitioner failed to report income in the amounts of $75,614 and $27,462 for 1992 and 1993, respectively; (2) whether petitioner has shown entitlement to business deductions in excess of those allowed by respondent; and (3) whether petitioner is liable for self-employment taxes.

                              FINDINGS OF FACT

    At the time his petition was filed, petitioner's legal residence was in the State of Colorado.  Brenda Benz was petitioner's intimate and confidant, and she followed petitioner's direction in business matters and was remunerated for her efforts.  Gary Krubsack was a friend of petitioner's and participated in petitioner's business activities. During 1992 and 1993, petitioner identified corporations that were not current with their obligations to the State of Colorado and that held title to real estate or other property.  When petitioner discovered that a corporation was not properly registered and therefore in a delinquent inactive status with the State of Colorado, he organized a new corporation with the same name as the delinquent corporation and caused the transfer of the title of properties held by the delinquent corporation to a third

----

[1] Section references are to the Internal Revenue Code in effect for the period under consideration.  Rule references are to the Tax Court's Rules of Practice and Procedure.  Respondent conceded that petitioner is not liable for the addition to tax under sec. 6651(a) for either taxable year.

corporation over which petitioner had control or in which he had some involvement.  Although petitioner contends that the delinquent corporations had become dissolved under the law of the State of Colorado, his actions were improper and violated the criminal laws of the State of Colorado.  Petitioner incurred expenses in conducting this activity.

As a result of this illegal business activity, petitioner directly or indirectly received money from the sale of the transferred properties or from investors who advanced capital to develop these properties.  One such transaction involved real property that had been held by a delinquent corporation and a new corporation created by petitioner which obtained $280,000 in net proceeds from a $380,000 loan using the property as collateral.

Ultimately, petitioner became the subject of civil and criminal proceedings resulting in judgments against petitioner and his incarceration.  In particular, petitioner was convicted of racketeering, theft, criminal attempt, securities fraud, forgery, and first degree offer of false instrument for recording.

Petitioner caused the organization of and controlled the following corporate entities, each of which maintained bank accounts:  Aspen Western Development Corp. (Aspen); Youwonder Corp. (Youwonder); Aspen-Western Mining Corp. (Western); Riverbank Corp., Inc. (Riverbank); Riverbank West Corp., Inc.

(Riverbank West); Benz-Niva Corp. (Benz); R.F. Riverbend, Inc. (Riverbend); and High Western Development Corp. (High Western). No Federal corporate tax returns were filed for High Western, Benz, or Youwonder.

Petitioner did not maintain adequate records of his business activity. Respondent reconstructed petitioner's income from this activity by means of the specific items method, which involved tracking checking account transactions to petitioner or his related entities. Petitioner received income for personal services in real estate activity from some of the above-named corporations, as follows:

| | Amount and Year | |
|---|---|---|
| Corporation | 1992 | 1993 |
| High Western | $10,500.00 | $3,800.00 |
| Benz | 63,426.50 | 12,000.00 |
| Youwonder | 1,688.00 | 11,662.00 |
| Total | 75,614.50 | 27,462.00 |

In performing the reconstruction of petitioner's income for 1992 and 1993, respondent utilized checks that had been negotiated by petitioner and his related entities and backed out or removed certain items and transfers between accounts to avoid the possibility of double counting. Respondent's audit was commenced after receipt of incomplete records of petitioner's business activity from the State of Colorado. The State of Colorado had conducted a criminal examination and reviewed petitioner's and his related corporations' records to determine

whether petitioner had received income from criminal activity and whether the amount of that income reached the threshold for the filing of a Colorado income tax return. The State of Colorado provided respondent with records that, in the State's judgment, reflected income to petitioner.

Respondent asked petitioner, who was then incarcerated, for records of his business activities, and petitioner was unable to produce any records other than those respondent received from the State of Colorado. Petitioner advised that his records had been discarded while he was incarcerated. Respondent did not allow any deductions in connection with respondent's determination of petitioner's business activity.

Petitioner failed to file Federal income tax returns for 1992 and 1993 as of the time respondent began the audit of petitioner's income activities. Petitioner did not provide records of income or expenses to respondent in connection with the examination of his 1992 and 1993 tax years. In the notice of deficiency, respondent allowed petitioner standard deductions of $3,600 and $3,700 for 1992 and 1993, respectively.

OPINION

During 1992 and 1993, petitioner was engaged in illicit property transactions. The transactions generally involved real property of corporations, unrelated in any way to petitioner, that were delinquent in their obligations to the State of

Colorado. Petitioner sought out these corporations and organized new corporations with the same name as the delinquent corporations and, then, transferred the delinquent corporations' real property to a third corporation that petitioner directly or indirectly controlled. Thereafter, petitioner would benefit from transactions in the acquired real property.

The State of Colorado conducted a criminal investigation regarding petitioner's illicit activity resulting in the prosecution and incarceration of petitioner. Thereafter, the State of Colorado provided respondent with limited records of petitioner and his related corporate entities that had been used in support of the criminal investigation. Respondent used those records to reconstruct petitioner's 1992 and 1993 income for Federal income tax purposes. Petitioner has not filed Federal income tax returns or maintained any records of his income-producing activity.

Reconstruction of Petitioner's Income for 1992 and 1993

Respondent, based on a form of a specific items reconstruction method, determined that petitioner had unreported income from real estate transactions of $75,614 and $27,462 for 1992 and 1993, respectively. In general, the Commissioner's determination enjoys a presumption of correctness and the taxpayer bears the burden of showing that the Commissioner's income determinations are in error. Rule 142(a); Helvering v.

Taylor, 293 U.S. 507 (1935); Welch v. Helvering, 290 U.S. 111 (1933).[2]  Where, however, the Commissioner's determination concerns unreported illegal income, the Commissioner must offer some substantive evidence connecting the taxpayer to the income-producing activity before the Commissioner's determination is afforded a presumption of correctness.  Erickson v. Commissioner, 937 F.2d 1548, 1551 (10th Cir. 1991), affg. T.C. Memo. 1989-552; MacCracken v. Commissioner, T.C. Memo. 1993-376.

In this case, respondent has amply demonstrated that petitioner possessed liquid assets, expended funds, and/or made substantial deposits in various bank accounts.  This was shown by means of checks, issued in petitioner's name or to cash, that were negotiated by petitioner and by corporate checks used to pay petitioner's living expenses.  In addition, petitioner stipulated that he was engaged in an income-producing activity.

The Commissioner is entitled to reconstruct a taxpayer's income by a reasonable method where the taxpayer fails to maintain adequate books and records.  Sec. 446(b); Erickson v. Commissioner, supra at 1553; Parks v. Commissioner, 94 T.C. 654, 658 (1990). Petitioner has not shown or adequately argued that respondent's method of reconstruction was unreasonable or in any

---

[2] The audit of petitioner's 1992 and 1993 income taxes commenced prior to July 22, 1998, the effective date of the Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, 112 Stat. 685.  Therefore, sec. 7491 is inapplicable to this proceeding.

way flawed. Likewise, petitioner has not shown that respondent's determination of unreported income was in error. Accordingly, we sustain respondent's determination and hold that petitioner failed to report gross income from his real estate activity of $75,614 and $27,462 for 1992 and 1993, respectively.

Whether Petitioner Is Entitled to Deductions in Connection With His Real Estate Business Activity

Generally, a taxpayer must show that he is entitled to deductions with respect to his business activity. Rule 142(a); Welch v. Helvering, supra. Under section 162(a), ordinary and necessary expenses incurred in carrying on a trade or business may be deductible. The fact that a deduction was incurred in an illegal activity is not sufficient to deny a deduction that is otherwise allowable. Commissioner v. Tellier, 383 U.S. 687 (1966); Commissioner v. Sullivan, 356 U.S. 27 (1958); Brizell v. Commissioner, 93 T.C. 151 (1989); cf. sec. 162(c), (f). Taxpayers are required to maintain books and records in support of the items reported on a return. Sec. 1.6001-1(a), Income Tax Regs. More stringent record keeping requirements apply to certain travel and entertainment expenses. Sec. 274(d).

In this case, petitioner has attempted to meet his burden by reconstructing his expenditures through secondary and incomplete documentation. In particular, petitioner offered credit card statements and some invoices. Respondent reviewed petitioner's documents and after performing a perfunctory analysis, contends

that the vast majority of them were either for nondeductible personal items or for transportation and entertainment and did not meet the more stringent requirements of section 274(d). Petitioner, on the other hand, contends that most of the expenditures represented by these documents were in connection with his real estate business activity.

The credit card records, which are admittedly incomplete, totaled $11,179.74 for the 2-year period (1992-93). Of the $11,179.74: $9,234.43 was for 1992; $1,679.02 was for 1993; and $266.29 was not differentiated as to the year. The Court found respondent's review of these items to be hypercritical. Other than items that are clearly for travel and entertainment, respondent did not give petitioner the benefit of the doubt. For example, on a charge for the changing of a lock, respondent in denying a deduction commented: "Why did lock(s) need to be changed"? In situations where the payment of the credit card by one of petitioner's related corporate entities had been determined to be income, respondent in denying a deduction, commented: "Bus purpose--already acctd above??"[3] On several purchases of hardware, respondent in denying a deduction commented: "Bus purpose--vague".

_____

[3] We assume that respondent concluded that these expenditures that were used to reconstruct petitioner's income were personal in nature and not deductible as a business expense.

Under Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930), inadequately substantiated expenses may be estimated by a court where it is shown that a taxpayer is unquestionably entitled to some deductions. In this case there are certain obvious expenses that would have been incurred by petitioner in his activity. For example, the costs of forming "duplicate" corporate entities, filing deeds for transfer of real estate, telephone, etc. Petitioner testified that the cost of filing a deed could range from several dollars to thousands of dollars.

We have taken into consideration: (1) The fact that petitioner's records are incomplete; (2) some of petitioner's expenditures appear to be personal or nondeductible under section 274; (3) petitioner's records; and (4) petitioner's testimony, and hold that petitioner is entitled to business deductions of $15,123 and $5,492 for 1992 and 1993, respectively. Cohan v. Commissioner, supra.

Whether Petitioner's Income Is Subject to Self-Employment Tax

In the setting of this case, petitioner's income was derived through corporate entities, but, in effect, was earned in his individual capacity. Section 1401 imposes a tax on an individual's net earnings from self-employment. "Net earnings from self-employment" are defined as the gross income derived by an individual from any trade or business carried on by such individual, less deductions. There is no question about the fact

that petitioner carried on his real estate activity for a period of no less than 2 years.  In addition, illegal business activities have been found to be subject to the self-employment tax.  See, e.g., <u>Basada v. Commissioner</u>, T.C. Memo. 1998-144.

Petitioner bears the burden of showing that the income derived from his real estate activity was not from self-employment.  Rule 142(a).  Petitioner has not refuted the ample record in this case reflecting that petitioner was self-employed.  Therefore, it is held that petitioner is subject to self-employment taxes to be computed under Rule 155.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155.</u>