## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

December 6, 2010

The Honorable Robert F. Deuell, M.D.　　　　Opinion No. GA-0827
Chair, Committee on Nominations
Texas State Senate　　　　　　　　　　　　Re: Taxable status of real property owned by the
Post Office Box 12068　　　　　　　　　　City of Greenville and leased to a private
Austin, Texas 78711-2068　　　　　　　　　company (RQ-0897-GA)

Dear Senator Deuell:

You seek an opinion on several questions relating to the ad valorem taxation of certain property.[1] You tell us that the City of Greenville (the "City") holds legal title to the land and improvements on two tracts at the Greenville Municipal Airport. *See* Request Letter at 1 (describing the Base Facilities and the Maintenance Facilities).[2] You tell us the Maintenance Facilities are leased from the City by L-3 Communications ("L-3"), a private for-profit business, for operations involving "aircraft modification, finish-out and servicing for U.S. and foreign government military and other government agency aircraft." *Id.* You inform us that L-3 has possession and control of the Maintenance Facilities, which consists of land and improvements that are not open to the public. *See id.* With respect to these Maintenance Facilities, you pose the following questions:

> 1. In light of Texas Tax Code Section 11.11, are the [Maintenance Facilities] exempt from property taxation [as] 'public property used for public purposes'?
>
> 2. Assuming that the City holds legal and equitable title to the [Maintenance Facilities] and assuming the [Maintenance Facilities] are not 'public property used for public purposes' under Texas Tax Code Section 11.11, is the fee simple interest in the [Maintenance Facilities] taxable to the City?

---

[1]*See* Request Letter at 2–4 (*available* at www.texasattorneygeneral.gov). We note that you submitted this request when serving as Chair of the Interim Committee on Dyslexia and Related Disorders.

[2]You inform us that different parties have supplied information related to your request and that "there are some minor differences in terminology and presentation" of your request. Request Letter at 1. For consistency in this opinion, we will refer to the tract about which you inquire as the "Maintenance Facilities."

3.    Does the City, as a matter of law, have equitable title in the [Maintenance Facilities] for purposes of ad valorem taxes on the real property in light of various restrictions, a right of reversion, and the ability to compel transfer of legal title held by the federal government?

4.    Assuming that the City has legal and equitable title to the [Maintenance Facilities], is the facility public property used for public purposes?

5.    Assuming that the City has legal and equitable title to the [Maintenance Facilities] and that [they] are used for a public purpose, do the [Maintenance Facilities] meet the statutory requirements for exemption of the leasehold interest, namely, is it a public transportation facility and are the buildings used for aircraft maintenance and services?

6.    Assuming that the City has legal and equitable title to the [Maintenance Facilities], do U.S. Constitutional principles limit ad valorem taxation of the fee interest?

7.    Would taxation of the fee simple interest or the leasehold interest in the [Maintenance Facilities] violate the Texas Constitutional requirement that taxation be equal and uniform?

Request Letter at 2–4.

The question whether a particular property is exempt from taxation depends on the facts of the particular situation. *See* Tex. Att'y Gen. Op. No. GA-0522 (2007) at 2 (citing *Tex. Tpk. Co. v. Dallas Cnty.*, 271 S.W.2d 400, 402 (Tex. 1954)). This office does not determine questions of fact in an attorney general opinion, and we therefore cannot ultimately determine whether a tax exemption applies. *See* Tex. Att'y Gen. Op. Nos. GA-0106 (2003) at 7 ("This office cannot find facts or resolve fact questions in an attorney general opinion."); JC-0571 (2002) at 1 (declining to determine whether public use requirement is satisfied). Moreover, the chief appraiser of the appraisal district in which the property is located is statutorily charged in the first instance with determining whether property is tax exempt. *See* TEX. TAX CODE ANN. § 11.45(a) (West 2008) ("The chief appraiser shall determine . . . each applicant's right to an exemption."); *see also St. Joseph Orthodox Christian Church v. Spring Branch Indep. Sch. Dist.*, 110 S.W.3d 477, 479 n.6 (Tex. App.—Houston [14th Dist.] 2003, no pet.) (recognizing that chief appraiser initially determines right to a tax exemption). In one manner or another, each of your questions asks us to opine on whether a particular fee or leasehold interest in the Maintenance Facilities is taxable and, if so, on whom the tax burden falls. *See generally* Request Letter. And with respect to each question, we believe the ultimate determination about the tax status would be resolved on the fact issue of whether the property is used for public purposes. For these reasons, we cannot determine the status of a tax exemption, and therefore, we cannot answer any of your questions.

There is, however, one aspect of your request on which we can offer some general advice. Arguments made in your request letter and in briefing submitted to this office suggest the Maintenance Facilities are used for public purposes, and thus are tax exempt, if they constitute a building used primarily for maintenance of aircraft or other specified aircraft services and if they are part of a public transportation facility within the scope of section 25.07(b)(3) of the Tax Code. *See* Request Letter at 3 (discussing authorities relevant to section 25.07 to support argument that property is used for a public purpose); Letter from Garry M. Miles, Locke Lord Bissell & Liddell, to Brent South, Hunt County Appraisal District, at 8–13 (Apr. 26, 2010) (attached to Request Letter) (arguing that definition of "airport" in Texas statutes and opinions is broad enough to include the Maintenance Facilities); *see also* TEX. TAX CODE ANN. § 25.07(b)(3) (West Supp. 2010) (exempting taxable leasehold interest from listing requirement if the property is part of a "public transportation facility" and meets other specified requirements). Section 25.07, however, pertains to the taxation of leasehold interests and is not relevant to a determination of whether property is used for a public purpose and tax exempt. *See* TEX. TAX CODE ANN. § 25.07(a) (West Supp. 2010) ("[A] leasehold or other possessory interest in real property that is exempt from taxation to the owner . . . shall be listed in the name of the owner of the possessory interest.").

A leasehold interest is subject to taxation only when the underlying property is tax exempt. *See Gables Realty Ltd. P'ship v. Travis Cent. Appraisal Dist.*, 81 S.W.3d 869, 875 (Tex. App.—Austin 2002, pet. denied) (citing *Cnty. of Dallas Tax Collector v. Roman Catholic Diocese*, 41 S.W.3d 739, 744 (Tex. App.—Dallas 2001, no pet.) (recognizing that "if the property is leased and the fee remains exempt, the non-exempt leasehold becomes the taxable estate"). Thus, a property's tax-exempt status must be determined prior to any consideration of section 25.07's applicability. *See Gables Realty*, 81 S.W.3d at 875–76; Tex. Att'y Gen. Op. No. JC-0571 (2002) at 11. Because the question whether the property is used for a public purpose is part of the tax-exempt determination, it precedes any consideration of the applicability of section 25.07. And it is the use made by the lessee, not the property owner, that determines whether the property is used for a public purpose. *See Gables Realty*, 81 S.W.3d at 875–76 (considering tax-exempt status of state property and holding that whether the property is "exempt in the hands of its owner under section 25.07 must be determined by applying section 11.11, *taking full account of the lessee's use of the property*") (emphasis added); *see also* Tex. Att'y Gen. Op. No. DM-188 (1992) at 4–7 (separating analysis of tax-exempt status of city-owned airport property from analysis concerning tax-exempt status of leasehold in property under subsection 25.07(b)(3)). An initial inquiry then is not whether the Maintenance Facilities fall within the scope of section 25.07 but whether L-3's use of the Maintenance Facilities as lessee are for a public purpose. *Cf., City of Beaumont v. Fertitta*, 415 S.W.2d 902, 908 (Tex. 1967) ("It appears that the use to which the property itself is put is of primary importance in making the [public purpose] determination.").

As we noted above, only after the tax-exempt status of property is established is consideration of a leasehold exemption under subsection 25.07(b)(3)(A) appropriate. The subsection exempts a leasehold of property that is

> a part of a public transportation facility owned by a municipality or
> county and:

> (A) is an airport passenger terminal building or a building used primarily for maintenance of aircraft or other aircraft services, for aircraft equipment storage, or for air cargo;
>
> . . . .

TEX. TAX CODE ANN. § 25.07(b)(3)(A) (West Supp. 2010). You question whether the Maintenance Facilities leased by L-3 fall within the scope of subsection 25.07(b)(3) if the subsection limits a public transportation facility to airports engaged primarily or exclusively in air passenger operations. *See* Request Letter at 3–4.

In Attorney General Opinion DM-188, relying on *Irving Independent School District v. Delta Airlines, Inc.*, this office concluded that aircraft maintenance facilities intended for use in the safe and efficient operation of a municipal airport constitute a public transportation facility within subsection 25.07(b)(3). *See* Tex. Att'y Gen. Op. No. DM-188 (1992) at 7 (relying on *Irving Indep. Sch. Dist. v. Delta Airlines, Inc.*, 534 S.W.2d 365, 368 (Tex. Civ. App.—Texarkana 1976, writ ref'd n.r.e.) (observing that the facilities were used in operational support of air passenger service of a municipal airport but basing holding on premise that facilities were used and designed for use in the safe and efficient operation of the municipal airport). Under this authority, we can advise you only that a maintenance hangar that is intended for the safe and efficient operation of a municipal airport constitutes a public transportation facility within subsection 25.07(b)(3).[3] However, the determination whether the Maintenance Facilities leased by L-3 are intended for the safe and efficient operation of a municipal airport involves considerations of facts and cannot be resolved in an attorney general opinion.

---

[3]Whether a leasehold interest in a maintenance hanger is tax exempt under subsection 25.07(b)(3) depends on whether the maintenance hangar is also a "building used primarily for maintenance of aircraft or other aircraft services, for aircraft equipment storage, or for air cargo." TEX. TAX CODE ANN. § 25.07(b)(3)(A) (West Supp. 2010). This inquiry is also a fact inquiry.

## S U M M A R Y

To the extent all of your questions seek a determination about the tax status of various interests in a parcel of property in the City of Greenville, they all involve fact issues that are inappropriate to the attorney general opinion process. Moreover, the initial determination about eligibility of tax exemptions rests with the chief appraiser. We thus cannot address your specific questions.

We can advise you generally with respect to the tax exemption of a leasehold interest under section 25.07, Tax Code, that a maintenance hangar intended for the safe and efficient operation of a municipal airport constitutes a public transportation facility.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DAVID J. SCHENCK
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Charlotte M. Harper
Assistant Attorney General, Opinion Committee