# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO.  03-22-00421-CV

Texas Health and Human Services Commission, Appellant

v.

Chayla Cooper, Appellee

FROM THE 419TH DISTRICT COURT OF TRAVIS COUNTY
NO. D-1-GN-22-001038, THE HONORABLE MADELEINE CONNOR, JUDGE PRESIDING

## O P I N I O N

Appellee Chayla Cooper sued her former employer, Texas Health and Human Services Commission ("THHS"), for race and color discrimination, harassment, and retaliation under the Texas Commission on Human Rights Act ("the Act").  THHS filed a plea to the jurisdiction, which raised statute of limitations and sovereign immunity grounds.  The trial court denied the plea and THHS appealed.  For the reasons detailed below, we hold that when a person files an administrative employment discrimination complaint under the Act and chooses to file a new timely complaint that does not amend and relate back to the first complaint, the civil lawsuit statute of limitations that applies to petitions filed in the trial court runs from the date the later administrative complaint was filed.[1]  Accordingly, we affirm.

---

[1] For purposes of this opinion, we use "complaint" to describe employment discrimination complaints filed with a state or federal agency and "petition" to describe employment discrimination complaints filed in civil district court.

## BACKGROUND

According to Cooper's employment discrimination complaints filed with the Texas Workforce Commission (TWC) and the Equal Employment Opportunity Commission (EEOC), Cooper worked for THHS as a Program Specialist VI when THHS terminated her employment on January 17, 2020. Cooper filed two administrative complaints alleging workplace harassment based on her race and skin color while she was employed by THHS and that THHS terminated her employment based on race and color discrimination and in retaliation for her making a discrimination complaint with the human resources department. The first administrative complaint was filed by Cooper herself, without the aid of counsel, on January 22, 2020, with the TWC and was deficient because it was unverified. *See* Tex. Lab. Code § 21.201(b) ("The complaint must be in writing and made under oath."). Cooper's second complaint was filed by counsel on her behalf on March 3, 2020, with the EEOC and was verified. The cover letter attached to Cooper's second charge included the subject line, "New Charge." According to the acknowledgment letter from the EEOC, Cooper's second complaint was dual filed with the TWC pursuant to the two agencies' work share agreement.

On March 2, 2022, Cooper filed her employment discrimination suit in the trial court. THHS filed a plea to the jurisdiction alleging that the court lacked jurisdiction to hear the case. Specifically, THHS argued that Cooper failed to file her petition in the trial court within two years of filing her first complaint and therefore the State's sovereign immunity was not waived by the Act. *See id.* § 21.256. Cooper argued that her petition filed in the trial court was timely because the first complaint was not compliant, and her second complaint was timely filed with a different agency, stood on its own, and did not amend or rely on the first complaint, and therefore, the two-year statute of limitations began to run upon filing her second complaint. It

2

was, and is, uncontested by the parties that if Cooper's first complaint began the limitations period, her petition was untimely, but if her second complaint controls for limitations purposes, her petition was timely filed. After a hearing on the plea to the jurisdiction, the trial court denied the plea and THHS appealed.

## STANDARD OF REVIEW

We review a trial court's ruling on a plea to the jurisdiction de novo. *See Farmers Texas Cnty. Mut. Ins. v. Beasley*, 598 S.W.3d 237, 240 (Tex. 2020). "A plea to the jurisdiction is a dilatory plea that seeks dismissal of a case for lack of subject matter jurisdiction." *Harris County v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004). Sovereign immunity may be raised in a plea to the jurisdiction because if the government is immune from the suit the trial court lacks subject matter jurisdiction. *Id.* Statutory construction is a question of law that we also review de novo. *Johnson v. City of Fort Worth*, 774 S.W.2d 653, 656 (Tex. 1989).

## DISCUSSION

Generally, when the State is the defendant in a lawsuit, its sovereign immunity deprives the trial court of subject-matter jurisdiction, *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex. 2004), and the cause must be dismissed with prejudice, *Hampton v. University of Tex.-M.D. Anderson Cancer Ctr.*, 6 S.W.3d 627, 629 (Tex. App.—Houston [1st Dist.] 1999, no pet.). The Act establishes an exception to this general rule and provides a limited waiver of sovereign immunity in employment discrimination suits when the plaintiff strictly complies with the statutory requirements. *Prairie View A & M Univ. v. Chatha*, 381 S.W.3d 500, 513–14 (Tex. 2012). Exhaustion of the Act's administrative remedies is a mandatory prerequisite for a plaintiff filing an employment discrimination suit against the State.

3

*Lueck v. State*, 325 S.W.3d 752, 762 (Tex. App.—Austin 2010, pet. denied). Failure to exhaust administrative remedies deprives the trial court of jurisdiction. *Id.* at 766; *see* Tex. Gov't Code § 311.034 ("Statutory prerequisites to a suit . . . are jurisdictional requirements in all suits against a government entity.").

To exhaust administrative remedies under the Act, an employee must satisfy three requirements: (1) the complainant must file a complaint for employment discrimination with either the TWC or the EEOC within 180 days of the alleged discriminatory act, Tex. Lab. Code §§ 21.201–.202; 40 Tex. Admin. Code § 819.41(a) (Tex. Workforce Comm'n, Filing a Complaint) (providing that complaint may be filed with either TWC or EEOC); (2) the complainant must allow the TWC 180 days to dismiss or resolve the complaint before filing a lawsuit, Tex. Lab. Code § 21.208; and (3) the complainant must bring a civil suit no later than two years after filing the complaint alleging discrimination, *id.* § 21.256.

Thus, there are two statutes of limitation that apply to employment discrimination suits. The first gives a complainant 180 days to file a complaint with either the TWC or EEOC. THHS does not contend that either of Cooper's complaints are untimely under the Act's administrative statute of limitations. The second gives a petitioner two years from the time they filed a complaint to file a civil lawsuit.

The issue before us is whether Cooper filed her petition in the trial court within two years of filing her administrative complaint. The answer hinges on whether we calculate the two years from the filing of her first or second complaint. Cooper contends, and the trial court presumably agreed, that her second complaint controls because she filed it as a new complaint and not as an amendment to her first complaint. We understand THHS to contend that the first complaint controls because the relevant statutes require a second complaint to be an amendment

4

to a first complaint if the first complaint was not perfected due to only a technical defect, as is applicable here. In other words, THHS contends that the Act requires amendment of an original non-compliant complaint, and Cooper contends that the Act gives complainants the option to either amend a previous non-compliant complaint or to file a new complaint that stands on its own.

When construing a statutory provision, "we look to and rely on the plain meaning of a statute's words as expressing legislative intent unless a different meaning is supplied, is apparent from the context, or the plain meaning of the words leads to absurd or nonsensical results." *Cadena Comercial USA Corp. v. Texas Alcoholic Beverage Comm'n*, 518 S.W.3d 318, 325 (Tex. 2017). We "read every word, phrase, and expression in a statute as if it were deliberately chosen, and presume the words excluded from the statute are done so purposefully." *Gables Realty Ltd. P'ship v. Travis Cent. Appraisal Dist.*, 81 S.W.3d 869, 873 (Tex. App.—Austin 2002, pet. denied). Texas Labor Code Section 21.201 provides in relevant part that:

> (e) A complaint may be amended to cure technical defects or omissions, including a failure to verify the complaint or to clarify and amplify an allegation made in the complaint.
>
> (f) An amendment to a complaint alleging additional facts that constitute unlawful employment practices relating to or arising from the subject matter of the original complaint relates back to the date the complaint was first received by the commission.

Applying the plain meaning to the statute, we interpret it as allowing, but not mandating, that a complainant may amend a non-compliant complaint by curing the technical defect through an amended complaint, *see id.* § 21.201(e), and if the complainant chooses to amend an earlier complaint, then the amended complaint relates back to the date of the first complaint, *see id.*

§ 21.201(f). *See Wichita County v. Hart*, 917 S.W.2d 779, 781, 783 (Tex. 1996) (explaining that use of word "shall" "indicates the mandatory character of the provision" while "may" is "permissive term"). We do not interpret the statute as requiring a second complaint to be an amendment to the first and barring the ability to file a new standalone conforming complaint. If Cooper's second complaint was an amendment to the first, then it would relate back to the first complaint and the first complaint's filing date would control for calculating the limitations period. However, Cooper contends here, and argued in the trial court, that her second complaint was a new filing. Cooper's contention is supported by the record. Specifically, the record supports that she was represented by counsel for her second but not first complaint, that the second complaint included a coversheet from her attorney with the subject line "New Charge," and that the second complaint was filed by her attorney with the EEOC when the first was filed by her with TWC.

THHS contends that precedent directs us to treat the second complaint as a mandatory amended petition. First, THHS relies on a set of cases that have held that when a petitioner amends a deficient complaint with an otherwise untimely complaint (i.e. a complaint filed outside the 180-day administrative deadline), the untimely complaint relates back to the original complaint, corrects the defect, and both the 180-day administrative and the two-year civil suit deadlines are calculated from the date of the first complaint. *See Hennigan v. IP. Petroleum Co.*, 858 S.W.2d 371, 373 (Tex. 1993) (per curiam) (calculating 180-day timeline from date of first complaint when it was amended by second untimely complaint); *Brammer v. Martinaire, Inc.*, 838 S.W.2d 844, 848 (Tex. App.—Amarillo 1992, no writ) (calculating civil suit deadline from date of first complaint when amended complaint was filed outside administrative deadline). These cases focus on how courts classify a second, otherwise

6

administratively untimely, complaint when the petitioner uses it as an amendment to be related back to the first complaint and how we calculate the two-year limitations period in that situation. The situation here is distinguishable as there is no dispute that Cooper's second complaint was timely filed with the EEOC.

THHS next relies on two cases from the First Court of Appeals. In *Vu v. ExxonMobil Corp.*, our sister court held that a second complaint filed within the 180-day deadline was an amendment to the first unverified complaint even though the appellant attempted to rely on the second timely complaint. 98 S.W.3d 318, 320 (Tex. App.—Houston [1st Dist.] 2003, pet. denied); *see also Coogan v. Office of Attorney Gen.*, No. 01-20-00067-CV, 2020 WL 7213357, *4 (Tex. App.—Houston [1st Dist.] Dec. 8, 2020, no pet.) (mem. op.) (holding second timely complaint was amendment of first complaint). The dispositive issue in *Vu* was whether the first unverified complaint was a "complaint" for purposes of the statute. Because as discussed above, the record supports that Cooper filed a new complaint and not an amendment to her first complaint and because we find the permissive language of the statute dispositive regarding whether a second complaint amends an earlier complaint, we choose not to follow *Vu* and *Coogan*. *See Penrod Drilling Corp. v. Williams*, 868 S.W.2d 294, 296 (Tex. 1993) ("While Texas courts may certainly draw upon the precedents of . . . any other federal or state court . . . they are obligated to follow only higher Texas courts and the United States Supreme Court.").

THHS contends that interpreting successive complaints as amendments would reduce the costs and burdens to the TWC that would be caused by allowing duplicative administrative proceedings. However, THHS's policy argument is not mandated by statute and does not override the statute's plain language allowing, but not requiring, that a complaint *may*

7

be amended. We see no indication in the statute, nor binding precedent, that the legislature intended to prohibit petitioners in employment discrimination suits from being able to either rely on the original complaint's filing deadline in perfecting a complaint by amending it even if the amendment is not timely, or to pursue their action in the trial court based solely on a timely second complaint and rely on the later filing date.

In summary, we hold that when a complainant files an employment discrimination complaint under the Act and chooses to file a new timely complaint that does not amend and relate back to the first complaint, the civil lawsuit statute of limitations runs from the date the later complaint was filed. We overrule THHS's sole issue.

## CONCLUSION

Because we have overruled THHS's sole issue, we affirm the trial court's denial of its plea to the jurisdiction.

_____

Gisela D. Triana, Justice

Before Chief Justice Byrne, Justices Triana and Smith

Affirmed

Filed: January 19, 2024

8